El Pueblo de Puerto Rico, demandante y apelado, v. Eleuterio Rivera, acusado y apelante.

No. 2963.—*Visto:* Diciembre 23, 1926. *Resuelto:* Enero 28, 1927.

1. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—DE LOS DELITOS— INTENCIÓN CRIMINAL — CONSECUENCIAS NO INTENTADAS AL COMETERSE EL ACTO—COMISIÓN DE DELITO DISTINTO AL QUE SE INTENTÓ COMETER.—Cuando un acusado, al intentar cometer una agresión, que resulta frustrada contra uno, la realiza contra otro, el hecho de que no fuera la intención realizar la acción agresiva contra éste, sino contra aquél, no lo exime de responsabilidad por el hecho distinto que en último término consumó.

2. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO APELACIÓN—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—MODIFICACIÓN DE LA SENTENCIA APELADA.—En proceso por acometimiento y agresión grave cuando hay carencia de prueba respecto a la condición de varón adulto del acusado, procede modificar la sentencia apelada declarando culpable al acusado de acometimiento y agresión simple.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), condenando al acusado por delito de acometimiento y agresión grave. *Modificada y así modificada confirmada.*

*José de J. Tizol* y *Pedro Miranda,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Se trata de un delito de acometimiento y agresión con circunstancias agravantes. La corte inferior impuso al acusado noventa días de cárcel.

Se alega como error que la corte inferior no tuvo en cuenta al dictar sentencia que no fué la intención del acusado agredir a la persona que resultó lesionada.

Aparece de la prueba que el acusado estaba tomando un refresco en cierto cafetín, llegando en esos momentos dos mujeres y a quienes invitó para que tomaran algo. Estas rechazaron la invitación, cruzándose entre ellos ciertas frases que dieron lugar a la intervención del marido de una de ellas y quien al preguntar "qué pasa," el acusado lanzó un vaso sobre el grupo hiriendo en la frente a la esposa.

[1] Parece que el acusado sostiene que no siendo su intención realizar la agresión contra la perjudicada y sí con-

tra su esposo, el acusado no es responsable del hecho distinto que en último término fué consumado. Sin embargo, de conformidad con el artículo 51 del Código Penal, no importaba que el acusado al intentar cometer la agresión que resultó frustrada contra el marido, la realizara contra su esposa, para que sufra la pena impuesta por la ley al delito realizado. Dicho artículo 51 dice así:

"La persona que al intentar cometer un delito frustrado, realizare otro distinto, de mayor o menor gravedad, no estará exenta por razón de los dos últimos artículos, de sufrir la pena impuesta por la ley al delito realizado."

[2] Sostiene además el apelante que no se probó en este caso la condición de varón adulto del acusado, que es un requisito esencial en el delito que es objeto de la acusación. El fiscal está conforme con esa falta de demostración citando el caso de *El Pueblo* v. *Ortiz,* 29 D.P.R. 746, pero alega al mismo tiempo que si hay carencia de prueba en ese extremo es de aplicación el de *El Pueblo* v. *Peralta,* 31 D. P.R. 951, donde no existiendo tal prueba se modificó la sentencia declarándose culpable al acusado de acometimiento y agresión simple. Estamos conformes. *La sentencia en este caso debe modificarse en el sentido indicado, imponiéndose al acusado una multa de cincuenta dólares.*

El Juez Asociado Señor Hutchison no intervino.