EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AL-FREDO RODRÍGUEZ, acusado y apelante.

No. 3257.—*Sometido:* Abril 18, 1928. *Resuelto:* Marzo 19, 1929.

*Leopoldo Tormes* y *Eugenio Lecompte,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Alfredo Rodríguez fué sentenciado por el delito de abuso de confianza y apeló. La parte principal de la acusación formulada contra él fué que mientras actuaba como cajero del Banco Comercial de Puerto Rico, Sucursal de Ponce, se apropió en su beneficio la suma de $9,000 de los fondos que tenía bajo su custodia. En el primer juicio celebrado el jurado no llegó a un acuerdo. Antes de la celebración del segundo juicio, el fiscal solicitó permiso para enmendar, y enmendó, la acusación. Se señala como error la actuación de la corte al permitir que se hiciera la enmienda.

Según fué presentada originalmente la acusación por el Gran Jurado, al describir el mandato y la supuesta persona que había sido defraudada se dijo "como cajero o agente del Banco Comercial de Puerto Rico (Sucursal de Ponce), que es una institución bancaria autorizada a hacer negocios de banca en Puerto Rico de acuerdo con las leyes locales." La enmienda del fiscal a este respecto fué hecha con el objeto de substituir palabras de suerte que la parte pertinente de la acusación leyera como sigue: "Del Banco Comercial de Puerto Rico (Sucursal de Ponce), que es una corporación debidamente organizada de acuerdo con las leyes de Puerto Rico."

Lo primero que resalta a nuestra vista es que la enmienda era innecesaria. Según las leyes de Puerto Rico toda institución bancaria debe estar incorporada. *Trigo* v. *Banco Territorial y Agrícola,* 36 D.P.R. 275 y 940, y las leyes de 1923 allí discutidas. El acusado estaba obligado a saber, como ciudadano y como cajero, que una institución bancaria estaba debidamente incorporada.

Convenimos igualmente con el fiscal en que de todos modos

la enmienda no era perjudicial y que equivalía más bien a un mero cambio de forma que no afectaba la substancia del cargo.

■ El segundo señalamiento de error dice así:

"2. La corte cometió error grave al denegar como denegó la moción del acusado en que solicitaba el sobreseimiento de la acusación por razón de que habían transcurrido más de 120 días desde marzo 5 de 1926 en que un anterior juicio en esta misma causa se había celebrado, y sin que hubiere mediado justa causa en contrario no se había celebrado el juicio antes del 30 de septiembre de 1926, fecha en que el juicio se celebraría de nuevo, todo ello según lo dispone el art. 448 del Código de Enjuiciamiento Criminal."

Para traer ante nuestra consideración los hechos relativos a esta moción, el apelante se refiere a varias páginas de la transcripción de la evidencia. De esa transcripción se desprende aparentemente que esta moción fué discutida por primera vez el día del juicio. A principios de la transcripción de la evidencia que ha sido preparada a instancia del apelante, aparece que en 30 de septiembre de 1926 el caso fué llamado para juicio, anunciando ambas partes estar listas. Después de haberse anunciado tal cosa, era demasiado tarde para levantar la cuestión de que al acusado no se le había celebrado un juicio rápido. Este es el principal fundamento de nuestra resolución.

El fiscal estaba allí preparado con todos sus testigos, y el acusado renunció su derecho definitivamente. El día del juicio las únicas controversias en verdad ante la corte son las que afectan la culpabilidad o inocencia del acusado. Cualquiera otra cuestión, exceptuando, tal vez, una suspensión o algo similar, es ajena a las controversias. Una moción de sobreseimiento por no haberse celebrado un juicio rápido, es una cuestión colateral a las controversias principales. Uno de los fines primordiales del derecho y del sistema de procedimiento es limitar las controversias. Por más que insistamos, nunca será lo bastante para demostrar que una moción de sobreseimiento basada en el fundamento discutido

es un procedimiento independiente y debe ser visto separadamente.

Según la decisión en el caso de *El Pueblo* v. *París,* 25 D.P.R. 111, y los casos resueltos de conformidad con el mismo, exceptuando circunstancias en que el acusado no ha tenido oportunidad anteriormente u otras situaciones excepcionales que no están aquí envueltas, una moción de esta clase se presenta demasiado tarde al ser levantada el día del juicio aún si el acusado no dice que está listo para entrar a juicio. Una moción de esta especie no debe ser presentada como una sorpresa, en vista de que El Pueblo, al igual que cualquiera otra de las partes, tiene derecho a ser notificado debidamente de una moción. Tal vez en lo que a la mera notificación se refiere, el fiscal renunció su derecho a ser notificado, ya que procedió a tratar de probar que existía justa causa para la demora.

 Discutiendo sumariamente los supuestos méritos diremos que la falta de fondos para pagar los gastos del jurado era suficiente excusa para la demora. Si la demora se debe a la ausencia de testigos importantes, como en este caso, el acusado debe ser notificado a fin de que se pueda oponer o manifestar que admite la prueba que se trata de obtener. Discutimos esta cuestión en contra del acusado en *El Pueblo* v. *Román,* 18 D.P.R. 219 y otros casos. No estamos muy seguros de que el acusado en este caso no fuera notificado. Pero aún si no lo fué, sabiendo que la corte había concedido la moción de suspensión, era el deber del acusado comparecer ante la corte dentro de un tiempo razonable y solicitar la celebración del juicio, pidiendo, tal vez, a la corte que dejara sin efecto su resolución. En el caso de *Dyer* v. *Rossy,* 23 D.P.R. 772, citado por el apelante, el acusado nunca dejó de insistir en qué se le celebrara el juicio.

En este estado del caso, debido a la supuesta ausencia de testigos, la corte pospuso el juicio sólo por nueve días. El

apelante no nos satisface de que esto fuera un abuso de discreción bajo las circunstancias descritas.

■ Como cumbre a todo esto, aparece en los autos una moción del acusado, sin fecha, en la que solicita que la vista del caso sea suspendida, ya que su abogado José Tous Soto se hallaba ausente debido a sus deberes como legislador. En esta moción se renunció el derecho de insistir en un juicio rápido.

■ Se trataba de un segundo juicio. Es cuestión familiar que después de haberse celebrado un primer juicio las condiciones cambian y el peso por parte de El Pueblo para demostrar justa causa no es tan fuerte, según indicamos en algunas de nuestras decisiones anteriores.

El tercer señalamiento de error lee como sigue:

"La corte cometió error grave al denegar como denegó todas las cuestiones legales promovidas por el acusado contra la acusación del Gran Jurado en la forma en que fué enmendada por el Fiscal del Distrito."

En tanto en cuanto fuere específica, la discusión que hemos hecho del primer señalamiento de error, resuelve suficientemente esta cuestión. No se requería una nueva acusación.

■ En su cuarto señalamiento de error el acusado dice que el veredicto es contrario a las pruebas y a derecho. A primera vista cualquiera creería que el acusado nos pide que nos coloquemos en el sitio del jurado. Esto es algo que no podemos hacer, a menos que se alegue y se pruebe que ha habido pasión, prejuicio o algo parecido. La actitud del acusado es distinta. Se queja de falta de prueba.

El apelante dice, en efecto, que todo lo que la prueba demostró fué que cuando el acusado entregó sus cuentas a los compradores del banco, ciertos cheques entregados por él en pago, ascendentes a $9,000, resultaron carecer de valor alguno. El hecho era que al acusado se le imputaba la necesidad de entregar cierta suma de dinero y valores en que faltaban $9,000 para completar la suma total. Como él

estaba obligado a responder de estos $9,000, así como también de los otras sumas, el peso de la prueba recaía sobre él para demostrar el pago. Se demostró definitivamente que él adeudaba una cantidad en que estaba incluida la suma de $9,000. Dos cheques que no tenían valor alguno estaban en su poder. No era deber de El Pueblo demostrar que el cajero del banco no había entregado el equivalente de estos cheques. Incumbía al acusado explicar los cheques. Se demostró suficientemente que el acusado dejó de entregar $9,000 que vinieron a sus manos como cajero. En los autos hay prueba de que el acusado admitió que le faltaban $9,000 y que él había substituido los dos cheques en cuestión.

La sentencia *debe ser confirmada.*