EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL ESTRELLA, acusado y apelante.

No. 4297.—*Sometido:* Marzo 6, 1931. *Resuelto:* Mayo 28, 1931.

*J. Valldejuli Rodríguez,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En la denuncia en este caso se lee:

"El referido acusado, Manuel Estrella, ilegal y voluntariamente, y con intención de causarle grave daño corporal, acometió y agredió con un revólver, que es un arma mortífera, al ser humano Gustavo Palés Matos, disparando varios tiros, con uno de los cuales le dió en el brazo derecho, donde le produjo una herida de bala, de pronóstico reservado y que es una herida grave y de la cual fué curado de primera intención en el Hospital Municipal de dicho pueblo, y después en el de Guayama, P. R."

El caso fué oído en apelación por la Corte de Distrito de Guayama, que impuso al acusado 50 dollars de multa, y en defecto de su pago, un día de cárcel por cada dollar que no pagase. De la sentencia apeló el acusado, que presenta a nuestra resolución cuatro cuestiones, en forma de asignación de errores en la sentencia.

██ Como primer error se alega el de haberse declarado al acusado culpable sin haberse probado su intención de causar un daño grave a Gustavo Palés Matos.

En la ley y en la jurisprudencia es doctrina antigua y constante la de que toda persona intenta la consecuencia natural de sus actos. El que dispara un revólver contra una determinada persona, y hiere a otra, es responsable de delito, sea homicidio, sea lesión el resultado del disparo.

No es necesario presentar gran número de citas de autoridades. En el caso *The People* v. *Patrick Raher,* 92 Michigan Reports 165, el acusado fué convicto de acometimiento con intención de causar grave daño corporal a John Peterson. El acusado había solicitado que se instruyera al jurado con respecto al propósito o intención específica de acometer a Peterson; la corte negó la instrucción, y dió al jurado otra de que si el acusado disparó sobre una muchedumbre con el propósito de herir a cualquiera, podía ser convicto, aunque no se demostrara intención especial de herir a Peterson. En la decisión que anotamos, se citan los casos *State* v. *Nash,* 86 N. C. 650, *State* v. *Myers,* 19 Iowa 517, *Smith* v. *Com.,* 100 Penn. St. 324, y otros, y de ellos la doctrina de que cuando una persona dispara sobre una muchedumbre, es culpable de acometimiento a cualquiera que resulte herido. Y ésa fué la teoría de la decisión.

En la decisión en el caso *State* v. *Gilman,* 31 Am. Rep. 257, la Corte Suprema de Maine declaró que si una persona dispara un arma sobre un número de personas, con el propósito de herir a A, y no lo hiere, pero sí a B, es culpable de ataque con intención de cometer homicidio. Y en la misma

forma se expresó la Corte Suprema de Illinois en el caso *Dunaway* v. *The People,* 110 Illinois Reports 333.

Las citas que dejamos hechas, resuelven, no sólo en cuanto al primer señalamiento de error, sino también en lo que se refiere al tercer señalamiento.

█ Se ha señalado como error el que el tribunal declaró que los actos del policía Estrella fueron ilegales.

Por nuestro estatuto, ningún oficial de orden público o seguridad tiene el derecho de arrestar a una persona por razón de delito menos grave que no se ha cometido en su presencia; y en ningún caso puede emplear más fuerza que la necesaria para llevar a cabo el arresto. Disparar el revólver en un lugar de tránsito de personas, es exponerse grave y temerariamente a causar un daño a un inocente.

De las resultancias de la prueba en este caso, no puede deducirse que el policía Estrella estuviera en la necesidad de usar su revólver, ni aun para atemorizar al fugitivo; pero si lo hizo con este propósito, pudo dirigir el arma hacia arriba, evitando que el proyectil fuera a herir a cualquier transeúnte. La pena que se le impone por los hechos de que se le acusó, seguramente no le convierte en un criminal castigado; es más bien la omisión de prudencia la que se castiga, por razón del resultado producido.

█ En cuanto a la apreciación de la prueba no encontramos que el juez de distrito cometiera error alguno. Se demostró que Estrella corría en persecución de un individuo de quien razonablemente sospechaba que había cometido un hurto, y quien después de estar en la entrada del cuartel le dió un golpe, y echó a correr; que el herido Gustavo Palés estaba en un coche automóvil, tranquilamente sentado, cuando Estrella disparó su revólver dos veces, y una de las balas hirió a Palés, que era extraño a la fuga del detenido. No aparece que el posible hurto de cigarrillos de que se sospechó al detenido fuera cometido delante del guardia Estrella, ni que éste se viera amenazado en su vida o

integridad personal, y tuviera que hacer uso del arma que llevaba. El juez de distrito apreció correctamente la prueba. *Debe confirmarse la sentencia apelada.*