El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Cabán, acusado y apelante. El Mismo, demandante y apelado, *v.* El Mismo, acusado y apelante.

Nos. 4671, 4672.—*Sometidos:* Marzo 9, 1932. *Resueltos:* Junio 6, 1933.

* Nota: Véase el prefacio.

218

*Angel A. Vázquez,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Rafael Cabán fué acusado por delito de atentado a la vida porque el día 20 de abril de 1930 ilegal, voluntaria y maliciosamente, con premeditación y propósito deliberado de dar muerte al ser humano Rosario Rodríguez la agredió con un revólver infiriéndole una herida de bala de carácter grave, con la intención de cometer asesinato. Por el mismo hecho fué acusado del delito de portar un revólver, que es un arma prohibida. Ambas acusaciones fueron presentadas el 16 de junio de dicho año, fueron leídas al acusado el 24 de junio y ese día alegó su inocencia y solicitó que su causa por atentado a la vida fuese juzgada ante un jurado. Los juicios en las dos causas fueron señalados para el 29 de octubre de 1930. Al ser llamada para juicio la causa por atentado a la vida manifestaron las partes estar preparadas para él, y antes de

que se constituyese el jurado presentó moción el acusado solicitando el sobreseimiento y archivo del proceso porque desde la fecha de la presentación de la acusación hasta el día señalado para el juicio habían transcurrido más de 120 días, sin causa justificada. Igual moción fué presentada en la otra causa por portación de arma prohibida, y para los efectos de esas mociones y de la prueba fueron acumulados ambos procesos a fin de que la que se presentase en la causa por atentado a la vida sirviese para la otra en cuanto a la portación de un revólver. El fiscal se opuso a las mociones de sobreseimiento y declaró bajo juramento como justificación de la demora en la celebración de esos juicios que desde dos días después de la presentación de las acusaciones el tribunal estuvo constantemente ocupado en la celebración de un juicio contra un tal Gatell hasta el 4 ó 5 de julio: que las vacaciones del tribunal son en los meses de julio y agosto: que al reanudar la corte sus sesiones en primero de septiembre comenzaron las vistas de unas doscientas apelaciones en causas criminales que duraron hasta el 6 de octubre: que los juicios por jurado comenzaron el 8 de octubre, dándose preferencia a las causas de presos y las radicadas antes que las del acusado Pagán. La defensa del apelante no hizo pregunta alguna al fiscal ni presentó prueba suya y la corte desestimó las expresadas mociones manifestando que el artículo 448 del Código de Enjuiciamiento Criminal fué adoptado en 1904, hace más de veintiséis años, cuando los asuntos no eran tan numerosos como ahora: que desde el 24 de junio en que fueron leídas las acusaciones en este caso hasta los primeros días de julio estuvo celebrando un juicio: que las vacaciones del tribunal son en julio y agosto: que en septiembre se vieron unas doscientas cincuenta apelaciones criminales y en octubre comenzó el término de jurados con cincuenta casos señalados. Comenzado el juicio y al terminar el fiscal la presentación de su prueba el acusado reprodujo su moción de sobreseimiento y solicitó que se tomase declaración al secretario de la corte, lo que fué negado por el tribunal. Terminados los juicios con senten-

cias condenatorias interpuso el acusado estos recursos de apelación, en los que ha presentado un solo alegato para los dos recursos, por lo que los resolveremos conjuntamente.

Los dos primeros motivos de error alegados son comunes para las dos apelaciones: los tres siguientes se refieren únicamente a la causa por atentado a la vida y el último es general y corolario de que se declaren con lugar los anteriores motivos de error. El primer motivo se funda en que el fiscal no demostró justa causa para que el juicio no se celebrara dentro de los 120 días: y el segundo en que no era tardía la reproducción durante el juicio de la moción de sobreseimiento y la petición de que declarase el secretario de la corte.

■■ En el caso de *El Pueblo* v. *Rodríguez*, 39 D.P.R. 339, hemos declarado de acuerdo con el caso de *El Pueblo* v. *París*, 25 D.P.R. 111 y los casos resueltos de conformidad con él, por los motivos en ellos expuestos, que una moción de sobreseimiento y archivo a tenor del artículo 448 del Código de Enjuiciamiento Criminal por no haber tenido el acusado un juicio rápido se presenta demasiado tarde cuando se hace el día del juicio, después de haber anunciado ambas partes estar preparadas para él, y también aunque no haya dicho el acusado que estaba preparado para el juicio. Lo expuesto bastaría para declarar que la corte no cometió error al desestimar las mociones de sobreseimiento del acusado, pero como ése no fué el fundamento de la resolución de la corte sino que existió justa causa para no haber celebrado los juicios durante los 120 días y como el apelante sostiene que tal justa causa no existió, trataremos ese aspecto de la cuestión.

Dos argumentos aduce el apelante en apoyo de su primer motivo de error: que el haber estado ocupada la corte inferior en otros asuntos no es justa causa para no haber celebrado su juicio dentro de los 120 días siguientes a la presentación de la acusación: que estando constituída la corte inferior por tres jueces con dos fiscales, la declaración que prestó el fiscal se refiere a una de las salas de ese tribunal

y nada dice de por qué los otros jueces no celebraron los juicios en estas causas.

En el caso de *El Pueblo* v. *Nigaglioni,* 28 D.P.R. 232, y *El Pueblo* v. *Romero,* 39 D.P.R. 557, ha declarado este tribunal que el haber estado ocupada la corte en asuntos criminales y civiles es justa causa para no haber celebrado el juicio dentro de los 120 días siguientes a la presentación de la acusación y para no sobreseer la causa; cuestión que ha sido resuelta en igual sentido en el caso de *Gerardino* v. *People of Porto Rico,* 29 F. (2d) 517, en el que se declaró que es justa causa para no haber celebrado un juicio dentro de 120 días y para no sobreseer una causa el que la corte haya estado ocupada activamente en la celebración de otros juicios.

Con respecto a que no se demostró por el fiscal qué hacían los otros jueces de la corte, nos bastará decir que no apareciendo que estos asuntos hayan estado ante los otros dos jueces o alguno de ellos, no era necesario que el fiscal demostrase lo que hicieron durante ese tiempo tales jueces, pues las tres salas de la Corte de Distrito de San Juan funcionan independientemente según admite el apelante en su alegato. Por lo expuesto no es sostenible el primer motivo de error.

Hemos dicho antes que las mociones de sobreseimiento deben ser presentadas antes del juicio por lo que es claro que se presentan demasiado tarde cuando el juicio ha comenzado y se ha practicado la prueba de alguna o de las dos partes. Además, esa moción ya había sido resuelta y declarada sin lugar por la corte, por lo que no erró al rechazarla. *El Pueblo* v. *Romero,* supra. Por igual razón no era admisible la declaración que se interesó del secretario de la corte, aparte de que el apelante tuvo oportunidad de presentar ese testigo después que declaró el fiscal, y no lo hizo. Así queda resuelto el segundo motivo alegado.

Los tres motivos siguientes dicen así:

"3. El jurado erró en la apreciación de la prueba y ésta es insuficiente para sostener el veredicto.

"4. Las instrucciones de la corte al jurado fueron de tal manera

erróneas, que indujeron a éste a traer un veredicto de culpabilidad.

"5. El veredicto del jurado es nulo y es nula también la sentencia."

Esos tres motivos pueden ser tratados conjuntamente porque todos descansan en la teoría de que no se ha probado que el apelante agrediera a Rosario Rodríguez con un revólver y la hiriera deliberadamente con el propósito de cometer asesinato, pues la prueba tendió a demostrar que la agresión y el disparo del revólver fueron contra César Rodríguez y que si Rosario resultó herida fué porque la bala se desvió y casualmente la lesionó.

El apelante cita en su apoyo sentencias relacionadas en notas de 30 C. J., pág. 25, párrafo 167 (h), para demostrar que cuando un acusado trata de asesinar a una persona y hiere a otra, no puede ser condenado por asesinato o tentativa de asesinato de la persona herida; pero el apelante prescinde de las citas de otras sentencias contrarias que se encuentran citadas en el mismo párrafo de la obra Corpus Juris, según las cuales cuando un hombre dispara deliberadamente contra una persona y hiere equivocadamente a una tercera persona, el acusado puede ser convicto de ataque con intención de asesinar a la persona herida o de ataque con intención de matarla cuando ése es el delito imputado; sentencias que se basan en distintas teorías, siendo una de ellas la de que hay estatutos que por sus palabras no limitan la intención de matar a la persona atacada. Nuestro Código Penal dispone en el apartado 8 del artículo 39 que si el acto cometido iba dirigido a otra persona, se exigirá al autor la misma responsabilidad que si lo hubiera cometido contra dicha persona. De acuerdo con ese precepto y toda vez que el acto del apelante iba dirigido contra César Rodríguez se le puede exigir por la herida grave causada a Rosario Rodríguez la misma responsabilidad que por el atentado contra César Rodríguez. En el caso de *El Pueblo* v. *Estrella,* 42 D.P.R. 342, hemos confirmado la sentencia que condenó a Estrella por haber disparado contra una persona y haber he-

rido ocasionalmente a otra extraña a la cuestión; y dijimos que es doctrina antigua y constante en la ley y en la jurisprudencia que toda persona intenta las consecuencias naturales de sus actos; y que el que dispara un revólver contra una persona determinada y hiere a otra es responsable de delito, sea homicidio, sea lesión el resultado del disparo. En el caso *Ex parte Caballero* v. *El Pueblo,* 36 D.P.R.. 67, fué arrestado Caballero por el cargo que se le hizo de haber asesinado a Saturnino Salgado. Aquél estaba maldiciendo la madre de Santiago Carrasquillo y diciendo que al primero que se le presentara lo iba a matar, y en efecto disparó su escopeta contra una persona que resultó ser Salgado; y en ese caso dijimos que la circunstancia de que Caballero quizá no intentara matar a Salgado sino a Carrasquillo, en nada influía en la calificación del delito y que es regla general que el que da muerte equivocadamente a un ser humano confundiéndolo con otro a quien intentaba matar, es culpable o no culpable del delito de que se le acusa, al igual que si el hecho cometido lo hubiera sido en la persona de aquel a quien intentó darle muerte.

Por lo expuesto no existen los errores 3, 4 y 5 y en su consecuencia se hace innecesario resolver el sexto fundado en que debió no dictarse sentencia y debió sobreseerse el proceso o concederse un nuevo juicio.

*Las sentencias apeladas deben ser confirmadas.*

El Juez Asociado Señor Córdova Dávila no intervino.