FRANCISCO BÁEZ VEGA, demandante y recurrente, *v.* EL ESTADO ,LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrido.

*Número:* 330      *Resuelto:* 10 de enero de 1963

*José Martín Betancourt,* abogado del recurrente; *J. B. Fernández Badillo, Procurador General,* y *Jorge Segarra Olivero, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

En la noche del 22 de diciembre de 1958 el conserje de la Escuela Superior de Sabana Grande, Francisco Báez Vega, recurrente en este caso, en ocasión en que cerraba la escuela después de terminadas las clases, se percató que dos personas habían penetrado y estaban en uno de los salones de clases. Báez salió a buscar a y regresó acompañado del policía Marcelino Flores. Al llegar al salón, Flores le dio una linterna eléctrica al recurrente para que alumbrara y le ordenó que abriera la puerta del salón, lo que éste procedió a realizar. Al alumbrar hacia dentro observaron a dos personas en el salón que Báez reconoció como estudiantes de la escuela informándoselo al policía Flores. Uno de los dos estudiantes salió súbitamente corriendo por la puerta sin tocar ni a Flores ni a Báez. Al ver correr al estudiante, Flores sacó su

revólver de reglamento y le hizo un disparo a aquél, pero en su lugar hirió a Báez en el codo izquierdo. El policía le hizo dos disparos más, al que corría, y entonces entró al salón y apresó al segundo estudiante. Enseguida se percató de que había herido a Báez procediendo entonces a llevarlo al hospital. En el Hospital de Distrito de Ponce hubo que operarle el codo al recurrente para extraerle la bala, estando recluido allí por 17 días. Luego tuvo que continuar varios meses bajo tratamiento de masajes y diatermia en la Clínica Pila en Ponce y en la Clínica del Fondo del Seguro del Estado en San Juan, sufriendo como resultado del accidente en cuestión una incapacidad permanente en el funcionamiento de su brazo izquierdo, especialmente en el movimiento de flexión y extensión del codo.

Demandó el recurrente al Estado Libre Asociado en la suma de $15,000 de daños sufridos por él por razón de la negligencia del policía Flores al herirle en la forma y manera previamente relacionada.

En la vista del caso, el recurrente declaró que los dos estudiantes en cuestión no eran personas fuertes, ni musculosos, que no estaban armados ni lo atacaron a él ni al policía; que ni su vida ni la del policía corrían riesgo de grave daño personal; que los dos estudiantes eran "muchachitos buenos"; que el policía les disparó sin pensar.

El tribunal de instancia en su sentencia del 29 de abril de 1960 concluyó que el Estado Libre no era responsable de los daños sufridos por el recurrente, pues la actuación del policía Flores al dispararle innecesariamente al estudiante constituyó un acto de acometimiento y agresión y una infracción del Art. 138 del Código Penal, 33 L.P.R.A., sec. 496, habiendo el Estado Libre expresamente negado su autorización para ser demandado en tales casos, según el Art. 6 de la Ley Núm. 104 del 29 de junio de 1955, 32 L.P.R.A., secs. 3077–3084. No conforme el recurrente radicó el presente recurso de revisión y este Tribunal expidió el corres-

pondiente mandamiento de revisión en junio 17 de 1960 habiendo quedado el caso definitivamente sometido a la consideración de este Tribunal en septiembre de 1961.

La sentencia en este caso debe ser confirmada por las razones que más adelante exponemos:

Aduce el recurrente que el tribunal a quo cometió grave error de derecho al resolver que la actuación del policía en este caso constituye un delito de acometimiento y agresión y que la autorización del Estado Libre para ser demandado no es extensiva a los daños ocasionados en una situación como ésta. En apoyo de esta contención se alega que el Art. 2 de la Ley Núm. 104 de junio 29 de 1955 autoriza acciones por daños y perjuicios contra el Estado Libre causados por acción u omisión de cualquier agente o empleado.

Las disposiciones de dicha ley aplicables a este caso son las siguientes:

"Artículo 2.—Se autoriza demandar al Estado Libre Asociado de Puerto Rico, ante el Tribunal de Primera Instancia de Puerto Rico por las siguientes causas:

(a) Acciones por daños y perjuicios a la persona o a la propiedad hasta la suma de $15,000 causados por acción u omisión de cualquier funcionario agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia."

"Artículo 6.—Nada en esta ley autoriza las acciones por daños y perjuicios contra el Estado por acto u omisión de un funcionario, agente o empleado:

(d) constitutivo de acometimiento, agresión u otro delito contra la persona, encarcelación ilegal, arresto ilegal, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura;"

Arguye el recurrente que en el momento de ocurrir los hechos que motivan esta causa, el policía actuaba en su capacidad oficial en la preservación del orden público y en la persecución del delito y que su acción se ejecutó dentro del

marco de sus funciones como una obligación suya de proteger la propiedad, conservar el orden, prevenir, descubrir y perseguir el delito, conforme a la ley que crea la Policía de Puerto Rico. Insiste el recurrente en que no deben aplicarse a las circunstancias de este caso las disposiciones del inciso (d) del Art. 6 de la citada ley, ya que "Para tener éxito en tal planteamiento era necesario que la situación se colocara totalmente dentro del área de una transacción delictiva" y que "El agente de la policía en este caso no estaba realizando actuaciones contrarias a la ley, ni envuelto en actos que constituyeran agresión al orden social o a la paz." Se alega que había que demostrar que el policía era un transgresor; que para que se cometa el delito de acometimiento y agresión es esencial la intención criminal y a esos fines se requiere la realización de un acto voluntario e ilegal, el uso del raciocinio por una persona de razonable juicio o la intención del mal y que cuando la consecuencia dañosa es el resultado de un descuido o de un acto puramente casual no puede inferirse la intención criminal. *Pueblo* v. *Astacio*, 23 D.P.R. 842, 845 (1916).

■ En apoyo de esta tesis se cita el caso de *Tastor* v. *U.S.*, 124 F. Supp. 548 (Cal. 1954) en que se interpreta una disposición similar al referido inciso (o) del Art. 6 de la Ley Núm. 104 antes citada, contenida en la ley federal de reclamaciones torticeras—28 U.S.C.A. sec. 2680. En este caso se reclamaron daños bajo la referida ley federal por la administradora de los bienes del fenecido piloto Tastor, cuya muerte ocurrió al regresar a su barco junto con el segundo piloto y un matrimonio de civiles invitados a bordo por los otros dos a tomar una taza de café. El centinela de guardia en cubierta se negó a dejar entrar a los civiles. Durante la discusión dicho centinela sacó su pistola, la cargó, disparó un tiro disparatadamente y en ese momento Tastor y el primer camarero se le fueron encima con el propósito de desarmarlo.

En la lucha por la pistola, Tastor fue baleado en el corazón y murió en el acto. La corte resolvió que el centinela había sido negligente, pero que según su propia declaración no tuvo la intención de disparar la pistola y mucho menos contra Tastor, y que, por lo tanto, no cometió el delito de acometimiento y agresión al ocasionar la muerte de Tastor. En tal virtud, se declaró con lugar la reclamación, distinguiéndose este caso, por la ausencia de la intención requerida, de los de *Stepp* v. *U.S.*, 207 F.2d 909 (C.C.A. 4, 1953) ; *Lewis* v. *U.S.*, 194 F.2d 689 (C.C.A. 3, 1952), y *Maddux* v. *U.S.*, No. 13679 Y, D.C.S.D. California. También se ampara el recurrente en el caso de *Meléndez* v. *E.L.A.*, 81 D.P.R. 824 (1960) en que se declaró con lugar una reclamación por la muerte de una persona arrollada por un vehículo de motor propiedad del Gobierno de los Estados Unidos de América, asignado a la Guardia Nacional. Alegó el demandado-recurrente que los hechos del caso constituyen un delito de homicidio involuntario y que el propósito de la Ley Núm. 104 de 1955 es no hacer responsable al Estado por actos delictivos de sus funcionarios. Por el contrario, en la opinión de dicho caso se dijo que " . . . no fue la intención de la Legislatura, al aprobar el indicado inciso (*d*) mantener la inmunidad del Estado contra reclamaciones de daños ocasionados por los actos descuidados y negligentes de sus funcionarios, agentes o empleados. Más bien lo que quiso hacer fue conservar la inmunidad del Estado contra litigios originados por actos torticeros cometidos deliberada o intencionalmente por sus funcionarios, agentes o empleados", llegándose a la conclusión "que el homicidio involuntario no es uno de esos actos cuando, como en este caso se causa la muerte 'al realizarse un acto legal que pudiera ocasionar muerte en forma ilegal, o sin la debida prudencia o circunspección'." En síntesis, para que la inmunidad del Estado no subsista bajo la excepción del inciso (d) del Art. 6 de la referida Ley Núm. 104 de

1955, el daño debe provenir de actos negligentes de un empleado que no constituyan determinados delitos en que la intención es un elemento esencial.

■ La cuestión a resolver, pues, gira alrededor de si el acto que ocasionó los daños al recurrente en este caso constituye o no un acometimiento y agresión, y a esos efectos, si se cometió con la requerida intención.

El caso de autos guarda gran similitud con el de *Pueblo* v. *Estrella*, 42 D.P.R. 342 (1931). En dicho caso un policía disparó contra una persona que huía después de agredirle y al disparar hirió a un tercero. Este Tribunal determinó que en esas circunstancias, había cometido un delito de acometimiento y agresión. El hecho de que el disparo no fuera dirigido a la persona que resultó lesionada es inmaterial, y así lo expresó este Tribunal en el citado caso de *Pueblo* v. *Estrella:* "En la ley y en la jurisprudencia es doctrina antigua y constante la de que toda persona intenta la consecuencia natural de sus actos. El que dispara un revólver contra una determinada persona, y hiere a otra, es responsable de delito, sea homicidio, sea lesión el resultado del disparo."

En el caso de *Pueblo* v. *Colón*, 65 D.P.R. 760 (1946) la prueba del ministerio público tendió a demostrar que el acusado, quien era miembro de la Policía Insular, persiguió a dos individuos con el propósito de arrestarlos y mientras lo hacía disparó dos veces su revólver. Uno de los disparos causó la muerte a una persona que se encontraba hablando con su esposa y otros vecinos. Este Tribunal al confirmar la sentencia del tribunal inferior condenando al acusado por el delito de homicidio voluntario expresó: "Pero es doctrina de Derecho Penal universalmente aceptada que toda persona intenta y es responsable de la consecuencia natural de sus actos. En su consecuencia, cuando A al tratar de realizar

un acto criminal contra B hiere o priva de la vida a C, A es responsable del daño causado a C como si en realidad hubiera tenido la intención criminal de realizar el acto contra C."

En el caso de *Pueblo* v. *Figueroa*, 80 D.P.R. 328 (1958), se trabó una discusión entre el acusado y un tal Gumersindo Burgos, en la cual el acusado lanzó un puñetazo a Burgos. Éste evadió el golpe, sufriéndolo en el pecho un soldado que se encontraba detrás de Burgos. Como consecuencia de la agresión, el soldado cayó de espaldas sobre el pavimento de la carretera fracturándose el cráneo. En el escolio 7 de la opinión del Tribunal se dijo: "Bajo la doctrina de la intención implícita o intención transferida—que ha sido objeto de mucha controversia y distinciones, 1 Wharton's *Criminal Law*, 194, escolio 8—debemos considerar que el acometimiento se realizó contra el soldado Torres Muñoz. Art. 51, Código Penal 33 L.P.R.A. sección 97." [1] Los casos de *Pueblo* v. *Estrella*, y *Pueblo* v. *Colón*, supra, fueron citados con aprobación. Véanse, además, los casos de *Caballero* v. *Pueblo*, 36 D.P.R. 67 (1926); *Pueblo* v. *Rivera*, 36 D.P.R. 194 (1927); *Pueblo* v. *Cabán*, 45 D.P.R. 217 (1933); *Pueblo* v. *Cartagena*, 54 D.P.R. 870 (1939).

Es evidente que la actuación del policía Marcelino Flores, al usar más fuerza de la que era necesaria para practicar un arresto, disparando varias veces contra el muchacho que huía, coloca la presente controversia dentro del ámbito de las doctrinas sentadas por los casos de *Pueblo* v. *Estrella*

[1] Dicho artículo dispone: "La persona que al intentar cometer un delito frustrado, realizare otro distinto, de mayor o menor gravedad, no estará exenta por razón de las dos últimas secciones, de sufrir la pena impuesta por la ley al delito realizado."

Véase además el Art. 38 del Código Penal en su inciso 8, 33 L.P.R.A. sec. 85 que en lo pertinente reza así: "Si el acto cometido iba dirigido a otra persona, se exigirá al autor la misma responsabilidad que si lo hubiere cometido contra dicha persona."

y *Pueblo* v. *Colón*, supra. 1 Wharton's *Criminal Law and Procedure*, sec. 338, pág. 686; Prosser *On Torts*, 2d ed., pág. 33; *Restatement of Torts*, secs. 16, 20.

Los tribunales en Estados Unidos de América, al interpretar las disposiciones del estatuto federal de reclamaciones torticeras, cit. supra, han resuelto que cuando un agente de la ley, negligentemente y sin ejercer la debida prudencia dispara y mata (o hiere como en el caso de autos) a una persona, la causa de acción alegada constituye una de acometimiento y agresión y, por lo tanto, está excluida de la autorización concedida por dicho estatuto con respecto a incoar reclamaciones torticeras en contra del Estado. *Alaniz* v. *U.S.*, 257 F.2d 108 (C.C.A. 10, 1958); *Ferrán* v. *U.S.*, 144 F. Supp., 653 D.C.P.R. (1956); *Stepp* v. *U.S.*, supra; *Lewis* v. *U.S.*, supra. Véanse, además, *Jones* v. *Federal Bureau of Investigations*, 139 F. Supp. 38 (Md. 1956); *Morton* v. *U.S.*, 228 F.2d 431 (C.C.A.-D.C. 1956); *Moos* v. *U.S.*, 225 F.2d 705 (C.C.A. 8, 1955); *U.S.* v. *Hambleton*, 185 F.2d 564 (C.C.A. 9, 1950); 23 A.L.R.2d 574.

En el caso de *Jiménez* v. *El Pueblo*, 83 D.P.R. 201 (1961), se negó responsabilidad contra El Pueblo de Puerto Rico por la muerte de un ciudadano ocasionada por un disparo de pistola héchole por un policía. Se resolvió que la tramitación del caso no se regía por la citada Ley Núm. 104, ya que los procedimientos judiciales basados en los hechos del caso se iniciaron en 22 de abril de 1955 y debían continuar tramitándose hasta su terminación de acuerdo con la legislación vigente a esta última fecha, según así lo dispone la Ley Núm. 30 de 11 de junio de 1957 que enmienda la Ley 104 a que antes hemos hecho referencia, y que bajo la ley aplicable al caso, había que demostrar, y no se hizo, que existía una conexión entre dicha muerte y el ejercicio por el policía de las funciones de su cargo. En el caso de autos, el policía actuaba dentro de las funciones de su cargo, pero

cometió el delito de acometimiento y agresión lo que exonera al Estado de responsabilidad bajo la Ley 104 antes mencionada porque es la ley bajo la cual se tramita el caso. En *Rodríguez* v. *Pueblo*, 75 D.P.R. 401 (1953), se resolvió que el policía actuaba dentro de las funciones de su cargo al sorprender al demandante atizando un alambique. El hecho de que el policía empleara fuerza excesiva consistente en hacerle dos disparos al demandante que le atravesaron ambos muslos no relevó al Estado de responsabilidad, bajo la Ley Núm. 412 de 11 de mayo de 1951 que gobierna y se refiere específicamente a la situación en este caso. Por el contrario, como ya hemos indicado, en el caso de autos, la ley que lo gobierna exime al Estado de responsabilidad.

▇ Los casos de *Tastor*, supra, y *Meléndez*, supra, en que descansa el recurrente se distinguen del presente por la ausencia en aquéllos del elemento esencial de la intención que es a su vez el elemento indispensable del delito de acometimiento y agresión. Y ya hemos visto que los casos en que existe la requerida intención dando lugar a la comisión del delito de acometimiento y agresión están expresamente excluidos de la autorización concedida por el Estado bajo la Ley Núm. 104 de 1955 para ser demandado en daños y perjuicios ocasionados por acto u omisión de sus funcionarios, agentes o empleados. Cfr. *Dobbins* v. *Hato Rey Psychiatric Hospital*, 87 D.P.R. 30 (1962).

▇ Aunque no se adujo como defensa que el recurrente había recibido compensación del Fondo del Seguro del Estado, el récord demuestra que el recurrente recibió dietas semanales y una compensación de $2,764.00 de dicho Fondo. (T. E. pág. 17.) Por lo tanto, siendo dicho remedio exclusivo en acciones como ésta contra el mismo patrono, por esta razón adicional no procede la reclamación en este caso. 11 L.P.R.A. sec. 21. *Cepeda* v. *Comisión Industrial*, 76 D.P.R.

801 (1954), cita precisa a la pág. 818; *Jesús* v. *Osorio*, 65 D.P.R. 640 (1946).

*Por las razones expuestas, resolvemos que no se cometió el error señalado y, en su consecuencia, debe confirmarse la sentencia objeto de revisión.*