Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
El peticionario, Delwin Padilla García, procura obtener la revocación de una sentencia sumaria parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual desestimó la causa de acción incoada contra ¿1 Municipio Autónomo de Ponce, aduciendo para ello la inmunidad del gobierno municipal contra demandas por delitos intencionales cometidos por sus funcionarios.
El 11 de septiembre de 1998 emitimos Resolución y Orden en la que conminamos al Municipio a mostrar causa, si la hubiere, por la cual no debíamos revocar la resolución en controversia. Con el beneficio de los alegatos de las partes, resolvemos según lo intimado. Expedimos el auto de certiorari solicitado y revocamos la resolución del 22 de junio de 1998.
El 18 de abril de 1996, en horas de la tarde, el co-demandado Oscar Lugo Nazario en su calidad de guardia municipal de Ponce, intervino con el demandante Delwin Padilla García al tener motivos *879 fundados para creer que éste estaba cometiendo un delito. El demandado observó cuando el demandante saltó una verja de una residencia, cogió un "trimmer" y una nevera y se prestaba a sacarlos del área. Durante la intervención éste disparó su arma de reglamento e hirió gravemente en la cabeza al demandante.
Luego de los sucesos previamente señalados, el demandado brindó dos versiones relacionadas a la forma y manera en que alegadamente ocurrieron los hechos. En su primera versión dijo que al percatarse que el demandante se disponía a apropiarse del "trimmer" y de la nevera le dió "el alto" y se identificó como policía indicándole que soltara la propiedad; mientras éste se disponía a soltar la propiedad, sacó de su bolsillo derecho un cuchillo y trató de abalanzarse sobre él. Que el demandado percibió que estaba en peligro y le hizo un disparo logrando herirle. Que posteriormente hizo gestiones para que recibiera atención médica.
La segunda versión brindada por el demandado en el proceso investigativo la ofreció al Fiscal y al Comisionado Municipal de Ponce. En ella admitió haber mentido. En esa ocasión atestó que "...cuando sorprendió al sujeto en el patio de la residencia llevaba su arma de reglamento con el martillo montado... le dio el alto... y le indicó que soltara la propiedad... mientras el sujeto se doblaba para poner la propiedad en el piso se le disparó accidentalmente el arma hiriendo al sujeto... se puso bien nervioso y buscó un cuchillo que vio en unas tablillas y lo puso en la escena... no tuvo la intención de matarlo
Oportunamente, la fiscalía presentó denuncias contra el guardia municipal por tentativa de asesinato y en la etapa de vista preliminar se determinó causa probable para acusar por el delito de tentativa de homicidio involuntario. 
Así las cosas, Delwin Padilla García interpuso demanda en daños y perjuicios contra el Municipio de Ponce, el guardia municipal Oscar Lugo Nazario en su carácter personal y en representación de la sociedad de bienes gananciales compuesta por éste y su esposa y la aseguradora Admiral Insurance, Co.
Luego de varios incidentes procesales usuales en este tipo de caso, el Municipio Autónomo de Pbnce presentó moción solicitando se dispusiera de la controversia por sentencia sumaria. Adujo en su favor que los hechos eran indicativos de la comisión de un delito mediando intención y, por ende, gozaba el municipio de inmunidad de conformidad con el artículo 15.005 de la Ley Núm. 81 de 30 de agosto de 1991.
El tribunal declaró con lugar la solicitud de sentencia sumaria parcial y en su consecuencia desestimó la demanda contra el municipio.
Expedimos el auto de certiorari y revocamos el dictamen del tribunal a quo.
II
El artículo 15.005 de la Ley Núm. 81 de 30 de agosto de 1991 conocida como la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico, 21 L.P.R.A. sec. 4705(d), dispone en lo pertinente:

"No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o ala propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:

a...

b...

c...

d. Constitutivos de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura."

*880 Similar disposición contiene la Ley Núm. 104 de 29 de junio de 1955, mejor conocida como la Ley de Reclamaciones y Demandas Contra el Estado.
De los aludidos preceptos se desprende con patente claridad que ni los Municipios ni el Estado responden civilmente por actuaciones de sus empleados o funcionarios en ocasión de éstos incurrir en actos u omisiones realizados con intención criminal.
En Báez Vega v. Estado Libre Asociado, 87 D.P.R. 67 (1963), dentro del contexto de la Ley 104, supra, el Tribunal Supremo se expresó en los siguientes términos:

"El delito de acometimiento y agresión perpetrado por un policía estatal actuando dentro de las funciones de su cargo contra una persona, al disparar injustificadamente contra ésta, disparos que lesionaron y causaron daños a un tercero; daños causados por un acto delictivo cometido deliberadamente o intencionalmente por dicho funcionario y al Estado, no puede demandársele en perjuicios por las lesiones sufridas por este tercero."

Del anterior pronunciamiento que antecede vemos que cuando se imputen delitos cometidos con intención criminal, el Estado conserva su inmunidad y, por ende, éste no responde por los daños sufridos. Distinto sería el caso si las acciones están enmarcadas dentro del concepto de la negligencia.
"Así el Estado renuncia su inmunidad en casos de negligencia pero la conserva cuando la actuación del agente constituye delito. El Código Penal de Puerto Rico dispone qüe nadie podrá ser sancionado por una acción u omisión que la ley provee como delito si la misma no se realiza con intención o negligencia criminal. Anade que la intención o negligencia se manifiestan por las circunstancias relacionadas con el delito, la capacidad mental y las manifestaciones y conducta de la persona." Galarza Soto v. Estado Libre Asociado, 109 D.P.R. 179 (1979).
Cónsono con lo anterior resulta forzoso concluir que el Estado renuncia a su inmunidad soberana por actuaciones negligentes de sus funcionarios cuando el elemento de negligencia o descuido en la .actuación del agente supere cualquier grado de responsabilidad criminal presente en su conducta. Galarza Soto v. E.L.A., supra.
En el caso de autos surge claramente que hay controversia esencial en la forma en que ocurrieron los hechos, ello independientemente de que las versiones ofrecidas por el co-demandado Lugo Nazario pudieran apuntar hacia una negligencia criminal. Lo anterior deberá dilucidarse en el juicio plenario. A nuestro juicio, el mecanismo procesal de la sentencia sumaria no resulta ser el adecuado.
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, faculta a una parte a presentar una moción con el fin de que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. Soto v. Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128.
De otra parte, la Regla 36.3 del mismo cuerpo legal, autoriza al tribunal a dictar sentencia sumaria cuando no existe "controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia a favor de la parte promovente". Rodríguez v. Secretario de Hacienda, _ D.P.R. _ (1994), 94 J.T.S. 20; Corp. Presiding Bishop C.J.C. of LDS v. Purcell, 117 D.P.R. 714 (1986); Tello v. Eastern Air Lines, 119 D.P.R. 83 (1987).
El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de los pleitos que no presentan controversias genuinas y sustanciales de hechos materiales, por lo que resulta innecesario la celebración del juicio plenario. Utilizado correctamente, es un vehículo procesal adecuado que contribuye a descongestionar los calendarios judiciales. Hurtado Latre v. Osuna y Frese, _ D.P.R. _ (1995), 95 J.T.S. 98; Pilot Insurance Company v. Crespo Martínez, _ D.P.R. _ (1994), 94 J.T.S. 104.
La sentencia sumaria procede únicamente en casos claros en ocasión del tribunal tener ante' sí la verdad sobre todos los hechos pertinentes y no hace falta el juicio en su fondo. J.A.D.M. v. Centro Comercial Plaza Carolina, _ D.P.R. _ (1993), 93 J.T.S. 26. Si existen dudas sobre la procedencia de la moción, éstas deben ser resueltas en contra de la parte proponente de la misma. Bonilla Medina *881 v. Partido Nuevo Progresista, _ D.P.R. _ (1996), 96 J.T.S. 33; Rivera Santana v. Superior Packing Inc., _ D.P.R. _ (1992), 92 J.T.S. 165. La determinación de disponer de un litigio mediante ese mecanismo es un asunto inminentemente discrecional del Tribunal de Instancia. Sólo en casos de abuso de tal discreción conferida es que habremos de intervenir. PFZ Properties v. General Accident Insurance Corp., _ D.P.R. _ (1994), 94 J.T.S. 116.
Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos.
El tribunal deberá dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties, Inc. v. General Accident Insurance Company, supra.
Al analizar los hechos del presente caso, al crisol de las normas precedentemente expuestas, concluimos que el foro de instancia erró al dictar sentencia sumaria parcial.
Por los fundamentos que anteceden, expedimos el auto de certiorari solicitado y revocamos la sentencia en controversia.
Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Ponce, para la continuación de los procedimientos consistentes con lo aquí resuelto.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General