*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.

---

EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 853.—Resuelto en enero 26, 1916.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—CIRCUNSTANCIAS AGRAVANTES—ESPECIFICACIÓN DE LAS CIRCUNSTANCIAS EN LA ACUSACIÓN.— Cuando se acusa por acometimiento y agresión grave, es necesario especificar en la acusación con toda claridad algunas de las circunstancias agravantes que expresa la sección 6ª. de la ley sobre acometimiento y agresión de 1904 (leyes 1904, p. 42).

ID.—ACOMETIMIENTO Y AGRESIÓN SIMPLE—CIRCUNSTANCIAS AGRAVANTES—HERIDAS Y CONTUSIONES.—En este caso se imputó al apelante que ilegal y voluntariamente y con intención de causarle grave daño acometió y agredió con una manopla al perjudicado infiriéndole varias heridas y contusiones: *Se resolvió* que en la acusación no se alegó con la claridad debida ninguna de las circunstancias que según la ley convierten en grave el delito de acometimiento y agresión.

Arma Mortífera—Manopla—Uso Prohibido por la Ley.—Si bien la manopla es una arma·capaz de producir la muerte y su uso está prohibido por la ley (leyes 1905, p. 23), no es un arma mortífera *per se.*

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Tizol y Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La acusación en este caso es como sigue:

"El Fiscal formula acusación contra Miguel Rivera por un delito de acometimiento y agresión grave (*misdemeanor*) cometido de la manera siguiente: El citado Miguel Rivera, allá el día 18 de agosto de 1914, en la ciudad de San Juan que forma parte del distrito judicial del mismo nombre, ilegal y voluntariamente, y con intención de causarle grave daño, acometió y agredió con una manopla a Eduardo Ferrer infiriéndole varias heridas y contusiones."

Celebrada la vista, la Corte de Distrito de San Juan, Sección 2ª., condenó al acusado a sufrir la pena de ocho meses de cárcel como autor de un delito de acometimiento y agresión grave. El acusado apeló entonces para ante este Tribunal Supremo.

El primero de los errores alegados por el apelante consiste en que los hechos relatados en la acusación no son constitutivos del delito de acometimiento y agresión con circunstancias agravantes. Después de un estudio cuidadoso del caso, nos vemos obligados a reconocer que el apelante está en lo cierto. Es tan clara la ley y tan abundante la jurisprudencia de esta Corte Suprema sobre la materia, que apenas puede comprenderse que se incurra en error por los funcionarios encargados de la persecución de los delitos en esta isla. Cuando se acusa por acometimiento y agresión grave, es necesario especificar con toda claridad alguna de las circunstancias agravantes que expresa la sección 6 de la ley sobre acometimiento y agresión de 1904, Leyes de 1904, página 42; y tal especificación no se ha hecho con la claridad debida por el Fiscal en este caso. No se expresa la circunstancia sép-

tima, porque no se dice que sean graves o serias las heridas
inferidas por el acusado al perjudicado. Ni siquiera se des-
criben dichas heridas de manera que por su descripción pu-
diera venirse en conocimiento de su gravedad. Tampoco
concurre la octava, porque si bien la manopla es un arma
capaz para producir la muerte y su uso está prohibido por la
ley (Leyes de 1905, página 23), no es un arma mortífera *per
se.* Y por último, aun cuando forzando las palabras emplea-
das en la acusación admitiéramos *argumentandi causa* que
el hecho de haber el acusado usado una manopla en la comi-
sión del delito implicaba su intención "premeditada" de
inferir graves heridas corporales y por tanto que concurría
la circunstancia agravante novena, nos encontraríamos al
analizar la prueba que ésta no es suficiente para demostrar
el uso de la manopla por parte del acusado. Nadie la vió
en sus manos y aunque el médico que reconoció al lesionado
expresa que la herida del labio con fractura de uno o más
dientes pudo producirse con una manopla, dice también que
pudo ocasionarse con cualquier otro cuerpo contundente, no
excluyendo la posibilidad de serlo con la punta o extremo de
una mesa al caer al suelo el agredido. El indicio que se
encuentra en la declaración del testigo Pons que persiguió
al acusado después de la comisión del delito, de haberlo visto
hacer "un movimiento como de tirar algo al mar" no es
bastante.

Siendo esto así, no es posible sostener técnicamente la
gravedad del delito. A través de las páginas del proceso se
trasluce la comisión de un hecho grave, pero tal circunstancia
no puede tenerla en cuenta este tribunal. Un ciudadano, el
acusado, ha invocado su derecho a ser juzgado estrictamente
de acuerdo con la ley, y tal derecho tiene que serle inmediata-
mente reconocido.

Otro de los errores alegados por el apelante es el de que
la prueba no demuestra que sea él el autor del hecho investi-
gado. Hemos examinado dicha prueba y a nuestro juicio
demuestra más allá de toda duda razonable que el acusado

acometió y agredió con intención de causarle daño a la persona nombrada en la acusación.

En tal virtud no habiéndose demostrado la concurrencia de circunstancias agravantes, pero habiéndose comprobado la comisión por parte del acusado de un delito de acometimiento y agresión simple, la sentencia apelada debe modificarse en tal sentido y condenarse al acusado a pagar una multa de cincuenta dólares y en defecto de pago a sufrir un día de cárcel por cada dólar de la multa que dejare de satisfacer.

> *Modificada la sentencia apelada en el sentido de declarar al acusado culpable de un delito de acometimiento y agresión simple, imponiéndosele una multa de cincuenta dólares y las costas, y en defecto de pago de la multa un día de cárcel por cada dólar que dejare de satisfacer.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.