EL PUEBLO, DEMANDANTE Y APELADO *v.* ASTACIO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por delito de acometimiento y agresión.

No. 951.—Resuelto en mayo 15, 1916.

ACOMETIMIENTO Y AGRESIÓN — ACOMETIMIENTO Y AGRESIÓN SIMPLE CALIFICADO COMO GRAVE—CALIFICACIÓN ERRÓNEA NO PRODUCE PERJUICIO.—No existe perjuicio alguno para un acusado en ser sometido a juicio con una denuncia cuyos hechos imputaban un delito de acometimiento y agresión simple aunque estuvieran calificados como de acometimiento y agresión con circunstancias agravantes, porque los hechos que se imputan y no la calificación que de ellos haga el denunciante es lo que ha de servir de base para el juicio y la sentencia.

ID.—INTENCIÓN CRIMINAL—ELEMENTOS ESENCIALES.—De acuerdo con la ley de 10 de marzo de 1904 para derogar el artículo 237 del Código Penal y para determinar y castigar acometimiento, y acometimiento y agresión simple o con circunstancias agravantes, la intención de causar daño es un elemento esencial del delito de acometimiento y agresión, pero como la intención es un estado de la mente hay que deducirla de los hechos que se realizan conforme al artículo 12 del Código Penal.

ID.—INTENCIÓN CRIMINAL—DAÑO CORPORAL—CONSECUENCIAS NATURALES.—Para que la intención exista basta que el daño corporal sea el resultado de la conducta ilegal de la persona, porque la ley supone que toda persona intenta las consecuencias naturales y razonables de sus actos voluntariamente ejecutados.

ID.—BICICLETA—VELOCIDAD—VIANDANTE—DAÑO CORPORAL.—Cuando un acusado camina en bicicleta a una gran velocidad por las calles de una población y como consecuencia de esta conducta voluntaria e ilegal arrolla a un viandante causándole daño corporal, es culpable de acometimiento y agresión.

ID.—VELOCIDAD—PELIGRO—INTENCIÓN CRIMINAL—DAÑO CORPORAL.—Quien por las calles de una población corre su vehículo a tal velocidad que crea un peligro

para los que transitan por ellas, no puede negar que tuvo la intención de producir daño corporal a cualquiera de aquéllos, aunque no la tuviera para una persona determinada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Abraham Peña.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

Genaro Astacio fué denunciado por un delito de acometimiento y agresión grave porque yendo montado en una bicicleta que corría a gran velocidad por una calle del pueblo de Cabo Rojo maliciosa, voluntaria y criminalmente arrolló con dicho vehículo a la niña Monserrate Padilla, con la intención de producirle grave daño corporal, tirándola al suelo, partiéndole un diente y causándole contusiones en la pierna y mano derecha.

El denunciado excepcionó la denuncia fundándose en que no alega que él sea un varón adulto y el tribunal inferior, estimando que la denuncia puede considerarse como de acometimiento y agresión simple, desestimó la excepción haciendo constar que consideraría el caso como de acometimiento y agresión simple, resolución que fué excepcionada por el denunciado. Celebrado el juicio y declarado culpable del delito de acometimiento y agresión simple, interpuso el presente recurso de apelación.

La primera cuestión que promueve el apelante es que el tribunal inferior cometió error al declarar sin lugar la excepción perentoria que opuso a la denuncia por cuanto ésta adolecía de un defecto esencial y que debió ordenar el sobreseimiento y archivo de la causa y no someterlo a juicio por acometimiento y agresión simple para el cual no estaba preparado.

Respecto de esta cuestión nos bastará decir que no hubo perjuicio alguno para el apelante en ser sometido a juicio con una denuncia cuyos hechos imputaban un delito de acometimiento y agresión simple, aunque estuvieran calificados

como constitutivos de acometimiento y agresión grave, porque los hechos que se imputan y no la calificación que de ellos haga el denunciante, son los que han de servir de base para el juicio y la sentencia. *El Pueblo* v. *Zambrana,* 18 D. P. R. 758.

En el otro motivo del recurso sostiene que la prueba no demostró que tuviera intención de causar a la niña Monserrate Padilla el daño que le produjo.

No hay duda de que de acuerdo con la ley de marzo 10 de 1904 para derogar el artículo 237 del Código Penal y para determinar y castigar acometimiento y acometimiento y agresión simple o con circunstancias agravantes la intención de causar daño es un elemento esencial del delito de acometimiento y agresión, pero como la intención es un estado de la mente hay que deducirla de los hechos que se realizan y por esto el artículo 12 del Código Penal dice que la intención criminal se manifiesta por las circunstancias relacionadas con el delito y el sano juicio y discreción del acusado, así como que se presume por la manera y deliberación con que se intente o cometa un acto ilegal con el propósito de perjudicar a otro. Para que la intención exista basta que el daño corporal sea el resultado de la conducta ilegal de otra persona porque la ley supone que toda persona intenta las consecuencias naturales y razonables de sus actos voluntariamente ejecutados. Artículo 102, No. 3 de la Ley de Evidencia. En consecuencia, para poder determinar si el apelante tuvo intención criminal de causar el daño que produjo a Monserrate Padilla es necesario que expongamos la manera cómo ocurrieron los hechos que dieron ese resultado.

La prueba sin contradicción demostró que el apelante iba a tan gran velocidad en su bicicleta por la calle en que ocurrió el suceso que algunas personas le llamaron la atención de que iba a atropellar a alguien y que cuando sin disminuir su marcha volvió la cabeza para contestar a los que le hicieron esa advertencia arrolló a la niña Padilla que estaba

cerca de la cuneta, produciéndole los daños que se expresan en la denuncia.

De acuerdo con la doctrina que hemos expuesto en el caso de *El Pueblo* v. *Blandford,* resuelto en 24 de marzo de este año, los viandantes deben ser respetados en su derecho de transitar por las calles y caminos y la persona que infringe ese derecho realiza un acto ilegal cuyas consecuencias debe sufrir. Al caminar el apelante con su bicicleta por las calles de Cabo Rojo con una velocidad grande, a tal punto que otras personas preveyeron que iba a atropellar a alguien debía presumir que iba a causar daño corporal a algún viandante, pues cualquiera persona de razonable juicio sabe que el acto de guiar un vehículo a gran velocidad por sitios donde ordinariamente ha de encontrar personas a pie produce generalmente colisiones, por lo que, de su conducta puede deducirse que intentó el mal que produjo a la niña Padilla ya que como hemos dicho, toda persona intenta los naturales y probables efectos de sus actos. El atropello y lesiones sufridas por la niña no fueron consecuencia de un descuido suyo ni de un acto puramente casual sino la consecuencia natural de su acto voluntario e ilegal de correr su bicicleta con una velocidad peligrosa para los transeuntes. Quien por las calles de una población corre su vehículo a tal velocidad que crea un peligro para los que transitan por sus calles no puede negar que tuvo la intención de producir daño corporal a cualquiera de aquéllos, aunque no la tuviera para una persona determinada. *Com.* v. *Hawkins,* 157 Mass. 551.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.