·El Pueblo de Puerto Rico, demandante y apelado, *v.* Antonio Sánchez Méndez, acusado y apelante.

Núm. 9108.—*Sometido:* Marzo 3, 1942. *Resuelto:* Marzo 11, 1942.

·*Enrique Báez García,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados· de El Pueblo, apelado.

El Juez Asociado Señor Snyder ·emitió· la ·opinión del tribunal.

Se trata de una apelación de una sentencia condenando al acusado por acometimiento y agresión grave. La denuncia exponía que el acusado, un varón adulto, acometió y agredió a Francisca Caraballo con los puños y un pedazo de tubo, con la intención criminal de causarle daño corporal. Se señalan tres errores: (1) que existe una incongruencia entre la denuncia y la prueba; (2) que no hubo prueba de intención criminal; y (3) que el acusado actuó en defensa propia.

■ La alegada incongruencia no existe. El acusado sostiene que Francisca Caraballo fué lesionada en una pelea general en la cual intervino para ayudar a dos de sus hijos. Por otra parte, éstos declararon que el acusado agredió a la madre de ellos en la cara con sus puños. La misma Francisca Caraballo declaró que el acusado la agredió con el tubo. El abogado del acusado hace un análisis detallado de pequeñas discrepancias en el testimonio de los testigos del Pueblo. El hecho cierto es que la corte inferior creyó el testimonio de ellos y que tal testimonio ofreció una base suficiente para la convicción.

■ Al sostener que existe una incongruencia, el acusado hace hincapié en la declaración de la corte de distrito, anterior a la sentencia, de que "el acusado es (siendo) un varón adulto . . . después de agredir con un tubo a William Rivera, al intervenir la madre de éste, la cogió por la cabeza y la empujó fuertemente y la tiró al suelo . . . ". No podemos ver cómo esta declaración de la corte tuvo efecto alguno en el caso. Aparentemente fué un comentario casual hecho de paso. El récord no demuestra discusión detallada o un resumen de la prueba hecho por la corte. El testimonio era suficiente para una convicción, y la corte lo declaró convicto. No podemos recovar la sentencia exclusivamente por razón de tal comentario. Por tanto, es innecesario determinar si el caso de *Pueblo* v. *Galarza,* 23 D.P.R. 361, como sostiene el acusado, o el caso de *Pueblo* v. *Mediavilla,* 54

D.P.R. 583, como sostiene el Pueblo, es aplicable a los hechos de este caso.

█ El segundo error alegado es que no hubo prueba de la intención criminal. Una contención similar fué resuelta en *Pueblo* v. *Astacio,* 23 D.P.R. 842, como sigue:

"la intención de causar daño es un elemento esencial del delito de acometimiento y agresión, pero como la intención es un estado de la mente hay que deducirla de los hechos que se realizan. . . Para que la intención exista basta que el daño corporal sea el resultado de la conducta ilegal de la persona, porque la ley supone que toda persona intenta las consecuencias naturales y razonables de sus actos voluntariamente ejecutados."

█ La contención de que el acusado estaba actuando en defensa propia está basada en la teoría expuesta por el acusado en el juicio. Como la corte aparentemente no dió crédito al testimonio del acusado y creyó el testimonio del Pueblo, no podemos revocar por ese fundamento.

*La sentencia de la corte de distrito será confirmada.*