El Juez Asociado Sr. Snyder no intervino.

EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* IGNACIO DÍAZ LUZUNARIS, acusado y apelante.

Núm. 10051.—*Sometido:* Junio 16, 1943. *Resuelto:* Septiembre 23, 1943.

*M. Rivera de la Vega*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué denunciado por un delito de acometimiento y agresión grave. Se alegó en la denuncia que la denunciante viajaba en un automóvil del acusado; que éste violentamente la agredió con las manos, agarrándola fuertemente por los muslos; que la denunciante protestó de la conducta ilegal del acusado y lo requirió para que detuviese el automóvil para bajarse y que en vista de que el acusado rehusaba hacerlo, la denunciante, con motivo de la conducta del acusado, se vió en la necesidad de lanzarse del vehículo mientras se hallaba en movimiento, recibiendo al caer al pavimento ciertas fracturas y lesiones que se especifican más adelante. Se alegó como agravante el ser el acusado un varón adulto y la agredida una mujer. Visto el caso en la Corte de Distrito en grado de apelación, fué convicto el acusado y sentenciado a pagar $100 de multa o a cumplir un día de cárcel por cada dólar de multa que dejare de pagar, sin que la prisión excediese de noventa días, más las costas.

La evidencia del Pueblo de Puerto Rico tendió a demostrar que la denunciante es una mujer casada y profesora de instrucción; que el día de autos había estado en unos servicios religiosos que se celebraban en una iglesia en la parada 26½, en Santurce, y que al terminar dichos servicios, se dispuso a regresar a su casa, radicada en la parada 20; que con tal motivo, como a las 12 del día, la denunciante se hallaba parada en la acera de la Avenida Fernández Juncos, en la parada 26½, esperando una guagua; que en esos momentos pasó el acusado manejando su automóvil con dirección a San Juan y cuando se hallaba frente al sitio donde estaba la de-

nunciante la invitó a montar en su automóvil, y al manifestar ella que iba para la parada 20 y decirle él que podía llevarla, creyendo que el acusado era un caballero y que su invitación obedecía a su propósito de cooperar con la Defensa Civil dentro de la actual emergencia de guerra, aunque ella no lo conocía no tuvo inconveniente en aceptar la invitación y tomó asiento junto a él; que una vez en movimiento el vehículo, el acusado la agarró por un muslo; que la denunciante protestó indignada y trató de alejarse de él lo más que pudo y le requirió que parase el vehículo para ella desmontarse; que el acusado, si bien conducía el automóvil a poca velocidad, continuó en marcha, por lo que la denunciante se vió obligada a lanzarse del automóvil, produciéndose al caer al pavimento la fractura de la clavícula derecha, la dislocación de la unión clavicular y el hombro, y ciertas contusiones en la frente, siendo asistida en el Hospital Presbiteriano, donde quedó recluída por algún tiempo.

La prueba de la defensa tendió a establecer que fué la denunciante la que con la mano hizo señas al acusado para que la llevase en su automóvil; que él accedió y que al poco rato de reanudar la marcha una amiga de la denunciante que caminaba por la indicada avenida la saludó o la llamó, y que la denunciante decidió seguir con su amiga y pidió al acusado que detuviese el vehículo para bajar; que éste le indicó que así lo haría, pero que era necesario colocar su carro bien a la derecha para evitar un accidente, y mientras el acusado reducía la velocidad con ese objeto y se iba echando hacia la derecha, la denunciante, sin esperar a que el vehículo se detuviese por completo, abrió la puerta y al tratar de bajar perdió el equilibrio, cayendo al pavimento y recibiendo las lesiones que ella relata.

 Cuatro errores señala el apelante. De ellos tres van dirigidos a supuestos errores en la apreciación de la prueba, que como hemos visto es contradictoria, sin que se nos haya demostrado que al apreciarla en contra del acusado

actuara la corte inferior movida por pasión, prejuicio o parcialidad, o incurriera en error manifiesto. Por consiguiente, nos circunscribiremos a discutir el único error que merece consideración, el que alega que los hechos que tiende a probar la evidencia del Pueblo no son constitutivos de delito en esta jurisdicción, por tratarse de lo que en otras jurisdicciones se conoce por acometimiento inmoral o indecente (*indecent assault*), y no ser ése un delito definido en nuestras leyes. En efecto, no existe en Puerto Rico ley alguna que defina un delito bajo la denominación de acometimiento inmoral o indecente u otra denominación similar. Pero sí existe el de acometimiento y agresión, definido y castigado por la Ley de 10 de marzo de 1904, incorporada en nuestro Código Penal (ed. 1937), páginas 155 *et seq.* Esa ley fué tomada del Código Penal de Tejas, artículos 587 *et seq.* Su sección primera, idéntica en su edición inglesa al artículo 587 del Código de Tejas, no fué correctamente traducida al castellano, y siendo la edición inglesa, por la procedencia de la ley, la que debe prevalecer, en ella basaremos nuestra discusión. Vertida al castellano la sección primera de la edición inglesa en lo pertinente dice así:

"El empleo de cualquier violencia ilegal sobre la persona de un semejante con intención de causar daño, cualesquiera que sean los medios o el grado de violencia que se emplearen, constituirá un delito de acometimiento y agresión.

" * * * * * * * "

Y la sección 6 de la misma ley prescribe en su inciso 5 que todo acometimiento y agresión será considerado con circunstancias agravantes cuando se cometiere por un varón adulto en la persona de una mujer o un niño, o por una mujer adulta en la persona de un niño.

 Sostiene el apelante que de conformidad con la sección primera, supra, es elemento esencial del delito que la agresión se verifique con intención de causar daño, y que como en este caso la prueba de la denunciante demuestra

que el acusado no tuvo tal intención, no se probó el delito expuesto en la denuncia; que el delito que tiende a probar la evidencia de la denunciante es el de acometimiento inmoral o indecente, y que ése no es un delito definido y castigado en Puerto Rico. Trata de distinguir el apelante la jurisprudencia constante de Tejas de acuerdo con la cual hechos como los declarados por la denunciante constituyen el delito de acometimiento y agresión grave. A ese efecto arguye que si bien el estatuto de Puerto Rico es una copia del de Tejas, es lo cierto que nuestra legislatura, por razones que ignoramos, omitió el artículo 588 del Código Penal de Tejas, dispositivo, entre otras cosas, de que el daño que se intente causar puede ser corporal o puede consistir en tomarse libertades impropias que lastimen la dignidad, ofendan el pudor o causen cualquier otra emoción mental desagradable; que precisamente esa disposición del citado artículo 588 es lo que motiva que en Tejas hechos como los declarados por la denunciante constituyan el delito de acometimiento y agresión.

Concedemos que el artículo 588 del Código de Tejas no fué adoptado por nuestra legislatura; pero opinamos que con o sin ese artículo, tanto aquí como en Tejas, los hechos en cuestión son constitutivos de un delito de acometimiento y agresión grave. En la Ley Común no se conocía delito alguno bajo la denominación de acometimiento indecente o inmoral. *Rex* v. *Nichol* (1807) Russ & R.C.C. (Engl.) 130; *State* v. *Comeaux* (La., 1913) 60 So. 620. Dicho delito fué creado por estatuto en varias jurisdicciones, fijándosele por lo general una pena mayor que la del acometimiento y agresión, elevándolo en algunas de ellas a la categoría de *felony*. Ello no obstante, la conducta constitutiva de ese delito no permaneció impune bajo la Ley Común. Tampoco permaneció impune en aquellas jurisdicciones donde no lo han definido específicamente por estatuto. Tanto bajo la Ley Común como en las jurisdicciones últimamente citadas, ese de-

lito se ha considerado comprendido dentro del acometimiento y agresión, y castigable como tal. Es verdad· que la intención de causar daño siempre ha sido un elemento esencial del acometimiento y agresión, pero tanto bajo la Ley Común como bajo los estatutos, se ha sostenido que el daño no tiene que ser necesariamente corporal, pudiendo constituirlo cualquier contacto ilegal realizado sin el consentimiento de la víctima, que ofenda su pudor, le produzca vergüenza, humillación o angustia mental. *Bartell* v. *State* (Wisc.) 82 N. W. 142; *Moreland* v. *State* (Ark. 1916) 188 S.W. 1; L.R.A. 1917A 140, y monografía a la página 142; 1 Wharton's *Crim. Law*, sección 813; y Clark's *Crim. Law*, 228.

El reciente caso de *Beausoliel* v. *U. S.* (1939) 107 F. (2d) 292, ilustra perfectamente la doctrina expuesta. En dicho caso el apelante fué acusado y convicto de infracción al artículo 29 del Código del Distrito de Columbia, que dice así:

"Cualquiera que ilegalmente acometa o amenace a otro en forma violenta (*in a menacing manner*) será castigado con una multa no mayor de $500 o con prisión que no excederá de doce meses, o ambas penas."

Consistió la alegada infracción en que en cierto día anterior a la acusación fué confiada al acusado una niña de siete años de edad para llevarla de un sitio a otro en la ciudad de Washington. En el trayecto el acusado deshonestamente expuso cierta parte de su cuerpo e indujo a la niña a tomarla en sus manos. Al igual que el acusado en el caso de autos, Beausoliel alegó como defensa que los hechos imputádosle y que fueron probados, no contravenían el artículo 29, supra, porque de ellos no surgía el elemento de violencia o amenaza contenido en el estatuto. Al confirmar la sentencia apelada, dijo la corte:

"Bajo la Ley Común se sostenía generalmente que un hombre que se tomaba libertades impropias con la persona de una mujer, sin su consentimiento, era culpable de acometimiento.

" * * * * * * *

"En un caso como el presente, la amenaza o el peligro de sufrimiento o daño físico en el sentido ordinario, no es necesario. El daño sufrido por la víctima inocente bien puede ser temor, vergüenza, humillación o angustia mental causada por el acometimiento. Tampoco es necesario que tal víctima se percate de la naturaleza del acto o del peligro.

"Ni afecta el resultado el que sea la mano de la niña la que toque el cuerpo del apelante, invirtiendo así la forma ordinaria del acometimiento. Bajo las circunstancias del presente caso, es lo mismo que si el apelante hubiese colocado su cuerpo en contacto con la niña o hubiese agarrado su mano y la hubiese obligado a hacer su deseo.

" * * * * * * * "

■ La denuncia en el presente caso no es un modelo de las de su clase. Pudo especificar con más exactitud la modalidad del delito, pero no podemos exigir igual grado de perfección que si se tratase de una acusación redactada por un fiscal. Se siguieron las palabras del estatuto y la denuncia no dejó de poner en conocimiento del acusado los hechos que en el juicio sostuvo la prueba de cargo y que aquél trató de controvertir con su declaración y la de varios testigos a quienes no dió crédito la corte inferior.

Como el delito imputado es el de acometimiento y agresión con circunstancias agravantes y la evidencia es suficiente para probarlo, no erró la corte inferior al declarar convicto al acusado ni al imponerle una pena de $100 de multa, que si bien es leve dadas las circunstancias concurrentes, está comprendida dentro de los límites señalados por la ley.

*Procede, por lo expuesto, la desestimación del recurso y la confirmación de la sentencia apelada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Snyder no intervinieron.