EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* NICOLÁS FELICIER VILLALONGO, acusado y peticionario.

*Número:* O-76-312     *Resuelto:* 17 de enero de 1977

*Víctor Alberty Ruiz,* abogado del peticionario; *Roberto Armstrong, Jr., Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Contra el peticionario se formuló denuncia por el delito de Agresión Agravada concebida en los siguientes términos:

"El referido acusado Nicolás Felicier Villalongo: allí, entonces ilegal, *voluntaria, maliciosamente,* a sabiendas y con la *intención criminal,* en fecha, hora y sitio arriba indicado violentamente acometió y agredió con una botella de cerveza en el ojo izquierdo al Sr. Pedro Ceballos Pimentel, ocasionándole laceración en el mismo, siendo atendido en el Centro de Salud local por el Dr. González y referido al Hospital de Distrito de Fajardo.

El agravante alegado en esta denuncia consiste en que el objeto utilizado para cometer los hechos (botella de cerveza) es uno con el cual *se le puede ocasionar grave daño corporal y hasta la muerte a un ser humano."* (Énfasis suplido.)

Celebrado en sus méritos el juicio en el Tribunal de Distrito, fue declarado culpable y sentenciado a una pena de tres meses de cárcel; no conforme solicitó juicio de novo.

Señalada ante el Tribunal Superior la vista, estando presente el Ministerio Fiscal, el apelante y su abogado, se desarrolló el siguiente incidente:

"SR. ABOGADO:

[D]amos por leída [la denuncia] y aceptamos los hechos tal como se imputan en la denuncia.

HON. JUEZ:

Por eso, el Tribunal tiene la obligación de advertirle aquí al acusado que él tiene un derecho a juicio. Que él tiene un derecho a que el Fiscal pruebe su caso más allá de duda razonable. Que tiene derecho a que su abogado contrainterrogue los testigos de cargo para garantizar el derecho a la confrontación con la prueba de cargo. Que tiene derecho a declarar, a que se le citen testigos [*y que no tiene derecho a apelar de la sentencia.*] Yo

le pregunto al acusado ahora, si usted está en disposición de renunciar a todos esos derechos que le leí?

R. Sí, señor.

P. *Quiere decir, señor, que usted admite que el día 10 de mayo de 1975 y alrededor de las 11:30 de la noche en el Bo. Ciénaga Baja de Río Grande, usted agredió al Sr. Pedro Ceballos Pimentel ocasionándole una laceración en el ojo izquierdo y para ello usando un pedazo de botella, ocasionándole una herida de gravedad?*

R. *Sí, señor.*

P. Y a usted alguien le ha hecho algún ofrecimiento para que haga esta alegación de culpable?

R. No, señor.

P. La voluntad suya es reconocer los hechos y admite que es que usted es culpable de estos hechos?

R. Sí, señor.

Vista la alegación hecha en corte abierta por Nicolás Felicier Villalongo, el Tribunal la admite. *Como consecuencia dicta fallo por el delito de Agresión Agravada.*" (T.E. págs. 4–5; énfasis suplido.) ([1])

El tribunal el 14 de junio de 1976 dictó sentencia imponiéndole una pena de seis meses de cárcel. Denegada una reconsideración fundada en el señalamiento de que la denuncia no imputaba el delito de agresión agravada, expedimos *certiorari.*

El argumento principal ante nos consiste en que la denuncia no imputa el delito de agresión agravada de que fuera convicto el peticionario, aduciendo que el Art. 95 del Código Penal (1974) (33 L.P.R.A. sec. 4032), no dispone, como agravante, el alegado en la denuncia. Dicho artículo, en lo pertinente dispone:

"La agresión se considera agravada aparejando pena de reclusión por un término que no excederá de seis meses o multa máxima de quinientos dólares, o ambas penas a discreción del

---

([1]) Subsiguientemente el Tribunal celebró una vista a los fines de obtener elementos de juicio para la imposición de la pena, a lo cual hacemos referencia más adelante.

tribunal, si se cometiere con la concurrencia de cualquiera de las siguientes circunstancias:

(a) .    .    .    .    .    .    .    .

(f) Cuando se infiere grave daño corporal a la persona agredida.

(g) Cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar.

(h) Cuando se cometiere con la intención de inferir grave daño corporal."

■ Resolvemos que no le asiste la razón. Si bien es cierto que la denuncia no siguió fielmente las palabras de la ley, leída e interpretada racional y razonablemente a la luz de la norma de hermenéutica establecida en la Regla 35(c) de las de Procedimiento Criminal, [2] concluimos que la misma expone cabalmente hechos esenciales constitutivos de un delito de agresión agravada comprendidos en el inciso (h) del Art. 95 del Código Penal (1974), así caracterizado, "cuando se cometiere con intención de inferir grave daño corporal."

Por definición del Código Penal, "voluntariamente" se aplica ". . . a la intención con que se ejecute un acto, o se incurre en una omisión, implica simplemente propósito o voluntad de cometer el acto, o de incurrir en la omisión a que se refiere", y la palabra "malicia" denota ". . . la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa y la consciente naturaleza del mismo." Art. 7, incisos 27 y 19 Código Penal, (33 L.P.R.A. sec. 3022).

---

[2] Reza así:

"Una exposición de los hechos esenciales constitutivos del delito, redactada en *lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común.* Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, *con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal.* Dicha exposición *no* tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear *otras* que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial." (Énfasis suplido.)

Aun cuando la denuncia no es mejor modelo de redacción, una vez es leída integralmente, eliminándose aquellas expresiones superfluas, es obvio que constitucionalmente informan e imputan que Nicolás Felicier Villalongo, ilegal, voluntaria, maliciosamente, a sabiendas y con la intención criminal, en fecha, hora y sitio indicados violentamente acometió y agredió con una botella de cerveza—objeto con el cual se puede ocasionar grave daño corporal y hasta la muerte a un ser humano—en el ojo izquierdo al Sr. Pedro Ceballos Pimentel, ocasionándole laceración en el mismo, siendo atendido en el Centro de Salud local por el Dr. González y referido al Hospital de Distrito de Fajardo. Así lo estimó la ilustrada sala sentenciadora al parafrasearla en ocasión de apercibirle al peticionario de sus derechos ante su intención de registrar una alegación de culpabilidad.

Independientemente de lo expuesto, resulta válida y lógica la deducción de intención de "inferir grave daño corporal" que hizo el tribunal de instancia pues: ¿qué otra cosa se puede deducir de aquél que violentamente acomete y agrede a un semejante en un ojo con una botella de cerveza de cristal? (³) Una vez el peticionario hizo alegación de culpabilidad, las alegaciones contenidas en un simple pliego acusatorio se convirtieron en hechos incontrovertidos ya probados, los cuales el juzgador no podía ignorar. Debe recordarse que la intención de cometer un delito se manifiesta por las circunstancias relacionadas con el mismo, el objeto usado, la conducta de un acusado y las consecuencias naturales o probables de tal conducta. (⁴) El acusado aceptó todos los hechos expuestos en la denuncia, incluyendo las definiciones legales y deducciones permisibles señaladas: éstas le imputan válidamente el delito de agresión agravada.

---

(³) No es necesario desarrollar argumentos para apoyar la proposición sobre si una botella es un arma mortífera al usarse violentamente contra el cuerpo humano. Véanse: *Bald Eagle* v. *State of Oklahoma,* 355 P.2d 1015 (1960) ; *State* v. *Reynolds,* 24 So.2d 818 (1945).

(⁴) Arts. 14 y 15 del Código Penal (33 L.P.R.A. secs. 3062 y 3063).

Aunque no se señala como error, estimamos que la pena máxima de seis meses de cárcel se ajustó a derecho si consideramos que la prueba desfilada a tales fines demostró, que como consecuencia de la agresión, el perjudicado tuvo que ser operado del ojo, quedó con la pupila dilatada, y a la fecha del juicio, continuaba bajo tratamiento. (T.E. págs. 7–8.)

*La sentencia será confirmada.* (5)

El Juez Asociado Señor Rigau emitió opinión concurrente y el Juez Asociado Señor Irizarry Yunqué emitió opinión disidente.

—O—

Opinión Concurrente del Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 17 de enero de 1977

Estamos ahora en este Tribunal haciendo nueva jurisprudencia interpretativa del nuevo Código Penal. De la clase de jurisprudencia que formulemos dependerá de si el nuevo Código ha de servir para lograr el propósito para el cual fue redactado: disuadir lo más posible la comisión de crímenes en Puerto Rico y darle así a este pueblo una razonable tranquilidad, a lo cual tiene perfecto derecho.

En este caso el peticionario se declaró culpable en el Tribunal Superior. Como no puede venir a nosotros vía apelación, vino vía *certiorari.* Regla 193 de Procedimiento Criminal. Fue declarado convicto de agresión agravada, conforme a la denuncia que se le hizo. El Código Penal en su Art. 95 (33 L.P.R.A. sec. 4032) dispone para dicho delito una penalidad de reclusión máxima de seis meses o multa máxima de $500, o ambas penas, a discreción del tribunal. Para el delito de agresión simple el Código, en su Art. 94, dispone una penalidad de multa máxima de $100. Para este último delito

---

(5) Sin perjuicio de los trámites ordenados y providencias que pueda adoptar el tribunal de instancia referentes al Informe del Oficial Probatorio.

no dispone reclusión. El Código trata el delito de agresión simple como un delito menor y le impone una penalidad baja. La agresión agravada, contenida en el Art. 95, supone, en sus 10 incisos, circunstancias y situaciones más serias.

Alega el peticionario que no se alegó que el imputado hizo uso de un arma mortífera. No había que hacerlo. El inciso bajo el cual el imputado fue acusado y juzgado no fue el inciso (g) del Art. 95—que es el que habla de armas mortíferas—sino que fue el inciso (h), el cual declara agresión agravada la que "se cometiere con la intención de inferir grave daño corporal."

Basta con leer la denuncia—la cual está bien redactada—para que lo dicho quede claro. La propia denuncia especifica que "El agravante alegado en esta denuncia consiste en que el objeto utilizado para cometer los hechos (botella de cerveza) es uno con el cual se le puede ocasionar grave daño corporal y hasta la muerte a un ser humano."

El imputado fue convicto de agredir violentamente en un ojo a un ser humano con una botella de cerveza. Someto a la clara inteligencia del lector que agredir violentamente con una botella en un ojo a un ser humano demuestra la intención de causar grave daño corporal. El ojo es un órgano muy valioso para el ser humano y a la vez es muy delicado. Una agresión violenta de la naturaleza antes dicha puede muy fácilmente causarle grave daño. Esa agresión está comprendida dentro del inciso (h) del Art. 95 del Código Penal.

El propio Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre el Código, al discutir los "Principios Básicos de la Legislación Penal" expresa que "Todo Código Penal debe ser reflejo diáfano y genuino de los valores de la sociedad para la cual se legisla." También expresa que "El Código Penal debe ser realista, acorde con los tiempos que se viven. . . ."

En cuanto a los "tiempos que se viven" es de conocimiento general la alta tasa de criminalidad que los aqueja.

Sobre ésto la intención legislativa es en el sentido de que la lectura del Código debe ser realista y acorde a dichos tiempos. Nuestro Derecho Penal jurisprudencial debe ser justo y debe desarrollarse dentro del marco de la ley y de la Constitución, pero debe ser realista y socialmente útil. Si el Derecho Penal no fuese socialmente útil no tendría razón de ser.

En cuanto a los "valores de la sociedad" para la cual se legisló el Código, ¿son o no valores nuestros la dignidad del ser humano, la protección de su integridad física y la paz y la tranquilidad general?

Alega también el peticionario que la denuncia no siguió las palabras del estatuto. Su posición es en extremo formalista y ya superada jurisprudencial y legislativamente. No tiene que seguirlas. La propia Regla 35 de Procedimiento Criminal dispone en su inciso (c) que la acusación y la denuncia deberán contener "Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común."

Además dispone expresamente dicha Regla que "Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado."

Son los hechos alegados, y no la calificación del delito hecha por el fiscal ni las etiquetas formales, lo que sirve de base para la identificación del delito imputado y de la disposición estatutaria envuelta. *Pueblo* v. *Candelario Couvertier*, 100 D.P.R. 159, 161 (1971) y autoridades allí citadas; *Pueblo* v. *Díaz*, 62 D.P.R. 499, 505 *in fine* (1943). Regresar a los tiempos en que había que seguir las palabras del estatuto, como si la aplicación del Derecho fuese un rito mítico y no una operación intelectual, sería incurrir en un retroceso lamentable e injustificado.

Entiendo que la denuncia en este caso es suficiente. El delito imputado está incluido en el inciso (h) del Art. 95 del

Código Penal. Dicho inciso provee de manera más justiciera y disuasiva la penalidad para la agresión agravada, que los hechos de este caso demuestran, que lo que lo haría el Art. 94 que se refiere a la agresión simple. Procede confirmar la sentencia recurrida.

—o—

Opinión disidente del Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 17 de enero de 1977

La denuncia objeto de este caso reza así:

"El referido acusado Nicolás Felicier Villalongo: allí, entonces ilegal, voluntaria, maliciosamente, a sabiendas y con la intención criminal, en fecha, hora y sitio arriba indicado violentamente acometió y agredió con una botella de cerveza en el ojo izquierdo al Sr. Pedro Ceballos Pimentel ocasionándole laceración en el mismo, siendo atendido en el Centro de Salud local por el Dr. González y referido al Hospital de Distrito de Fajardo.

El agravante alegado en esta denuncia consiste en que el objeto utilizado para cometer los hechos (botella de cerveza) es uno con el cual se le puede ocasionar grave daño corporal y hasta la muerte a un ser humano."

El acusado, por voz de su abogado, expresó, según se reseña en la opinión del Tribunal: "[D]amos por leída [la denuncia] y aceptamos *los hechos tal como se imputan* en la denuncia." (Énfasis suplido.) Eso es precisamente lo que se acepta cuando se hace alegación de culpabilidad: los hechos tal como aparecen en el pliego acusatorio. Si bien en el título se calificó el delito de agresión agravada, tal designación carece de importancia pues son los hechos alegados y no el nombre que se dé al delito lo que determina el delito cometido. *Pueblo* v. *Candelario Couvertier*, 100 D.P.R. 159 (1971); *Pueblo* v. *García*, 78 D.P.R. 88 (1955); *Pueblo* v. *Conroig*, 60 D.P.R. 168 (1942); *Pueblo* v. *Gibson*, 51 D.P.R. 120 (1937); *Pueblo* v. *Canals*, 48 D.P.R. 794 (1935); *Pueblo* v. *Zambrana*, 18 D.P.R. 758 (1912).

¿Qué delito imputan los hechos alegados en esta denuncia? Veamos qué dice la ley. Los Arts. 94 y 95 del Código Penal de 1974, vigente al ocurrir los alegados hechos delictuosos, 33 L.P.R.A. secs. 4031 y 4032, respectivamente, disponen:

Art. 94. *"Agresión simple.*—A toda persona que empleare fuerza o violencia contra otra para causarle daño se le impondrá pena de multa que no excederá de cien (100) dólares."

Art. 95. *"Agresión agravada.*—La agresión se considera agravada aparejando pena de reclusión por un término que no excederá de seis meses o multa máxima de quinientos dólares, o ambas penas a discreción del Tribunal, si se cometiere con la concurrencia de cualquiera de las siguientes circunstancias:

(a) Cuando se cometa en la persona de un funcionario público en el cumplimiento de sus deberes, o como consecuencia de éstos, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario público o en su presencia.

(b) Cuando se cometiere en un Tribunal de justicia o en cualquier sitio dedicado al culto o a las prácticas religiosas o en algún lugar donde se hallaren reunidas varias personas con fines lícitos.

(c) Cuando la persona entre en la morada de una persona y cometiere allí la agresión.

(d) Cuando se cometiere por una persona robusta en la de un anciano o decrépito.

(e) Cuando se cometiere por un varón adulto en la persona de una mujer o niño, o por una mujer adulta en la de un niño menor de 16 años de edad.

(f) Cuando se infiere grave daño corporal a la persona agredida.

(g) Cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar.

(h) Cuando se cometiere con la intención de inferir grave daño corporal.

(i) Cuando se cometiere por un funcionario público so color de autoridad y sin causa legítima.

(j) Cuando se cometiere por una o más personas haciendo uso de ventaja indebida."

A mi juicio el propósito evidente de quien redactó la denuncia fue imputar el agravante del inciso (g)—"cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar"—pues específicamente se alegó:

"El agravante alegado en esta denuncia consiste *en que el objeto utilizado* para cometer los hechos (botella de cerveza) es uno con el cual se le puede ocasionar grave daño corporal y hasta la muerte a un ser humano." (Enfasis suplido.)

Parece, sin embargo, que todos los jueces estamos de acuerdo en que el inciso (g) no es el aplicable. Tiene que ser así pues una botella no es un arma mortífera. Un arma mortífera es aquella "hecha para ofensiva o defensiva, o para la destrucción de la vida o causar lesiones," Ignacio Rivera, *Diccionario de Términos Jurídicos*, ed. 1976; un "instrumento destinado a ofender o defenderse," *Diccionario de la Real Academia Española*, ed. 1972 y *Diccionario Vox de la Lengua Española*, ed. 1973; "cualquier instrumento que cause la muerte o grave daño corporal al ser usado del modo corriente y usual que su forma y construcción revele." *Pueblo v. Oriols*, 27 D.P.R. 208, 210 (1919). Una botella no es hecha para ser usada con fines de ofensa y defensa ni causar la muerte o grave daño corporal "al ser usada del modo corriente y usual que su forma y construcción revele." *Oriols*, supra.

El juez de instancia no estaba seguro de cuál era el agravante. Así se desprende de las siguientes expresiones suyas hechas antes de aceptar la alegación de culpabilidad:

"Quiere decir, señor, que usted admite que el día 10 de mayo de 1975 y alrededor de las 11:30 de la noche en el Bo. Ciénaga Baja de Río Grande, usted agredió al Sr. Pedro Ceballos Pimentel ocasionándole una laceración en el ojo izquierdo y para ello usando *un pedazo de botella*, ocasionándole una *herida de gravedad*?" (Énfasis suplido.)

Se apartó el juez de las alegaciones de la denuncia y añadió hechos que en ella no aparecen. Parece que buscó el agra-

vante en el inciso (g) y, para hacer ¿mortífera? la botella la rompió por fíat judicial. Inseguro de que aún cayera el agravante en el inciso (g) lo buscó en el (f) y también por fíat judicial convirtió la alegación de "laceración" en "una herida de gravedad." El inciso (f) establece como agravante "cuando se infiere grave daño corporal a la persona agredida." No me parece propio que al aceptar la alegación de culpabilidad de un acusado se añadan a la denuncia hechos no alegados en ella. Si se quería enmendar la denuncia, ese no era el procedimiento para ello. Al hacer alegación de culpabilidad el acusado admite los hechos alegados en la denuncia y nada más. Ello forma parte del debido proceso de ley. *Pueblo* v. *Colón,* 70 D.P.R. 792 (1950). Se viola el debido proceso de ley lo mismo cuando se envía a prisión a un acusado convicto de un delito del que nunca fue juzgado que cuando es convicto de unos hechos que no le fueron imputados en el pliego acusatorio. Véase *Cole* v. *Arkansas,* 333 U.S. 196, 201–202 (1947). Ni el pedazo de botella ni la herida de gravedad se alegaron en la denuncia ni aparecen por ninguna parte en los autos de este caso.

La opinión de este Tribunal también va a caza del agravante. No lo encuentra en los incisos (f) y (g) del Art. 95. Pretende haberlo encontrado en el inciso (h) que dice: "(h) cuando se cometiere con la intención de inferir grave daño corporal." Para ello se ampara en las alegaciones generales que leemos rutinariamente en todas las denuncias, aun en las más leves violaciones de la Ley de Vehículos y Tránsito. Pretende que al alegarse que el acusado cometió la agresión que se le imputa "ilegal, voluntaria, maliciosamente, a sabiendas y con la intención criminal" quedó salvado el inciso (h), pues tales palabras y frases pueden interpretarse para que imputen la intención específica que requiere dicho inciso de inferir grave daño corporal. Discrepo con todo respeto.

El Art. 95 del Código Penal enumera en diez incisos—(a) a (j)—otras tantas circunstancias que convierten una agre-

sión en agresión agravada. Por casualidad el inciso (h) es el único entre esos diez que establece el requisito de una intención específica, a saber, la de inferir grave daño corporal. Es axioma trillado que cuando la intención específica es elemento esencial de un delito, tal intención debe ser alegada para que se impute tal delito. Véase Wharton, *Criminal Procedure*, vol. 2, sec. 271. Y tal es la doctrina vigente en Puerto Rico, específicamente en cuanto al delito de agresión con circunstancias agravantes—hoy denominado agresión agravada—desde que empezamos a dar los primeros pasos en el Derecho penal que importamos de California luego de la cesión del tratado de París. Compárense: *Pueblo v. Zambrana*, 18 D.P.R. 758 (1912); *Pueblo v. Ramos*, 22 D.P.R. 685 (1915); *Pueblo v. Rivera*, 23 D.P.R. 421 (1916); *Pueblo v. Astacio*, 23 D.P.R. 842 (1916); *Pueblo v. Acevedo*, 38 D.P.R. 243 (1928); *Pueblo v. Haddock*, 43 D.P.R. 752 (1932); *Pueblo v. Sánchez*, 60 D.P.R. 108 (1942); *Pueblo v. Díaz*, 62 D.P.R. 499 (1943); *Pueblo v. Díaz*, 66 D.P.R. 195 (1946); *Báez Vega v. E.L.A.*, 87 D.P.R. 67 (1963). Para un caso similar sobre la necesidad de alegar conocimiento como elemento esencial del delito, no salvada su omisión con las sacramentales palabras "ilegal, voluntaria y maliciosamente y con la intención criminal" véase el más reciente caso de *Pueblo v. Díaz Breijo*, 97 D.P.R. 64 (1969). Es que esas palabras rutinarias no pueden curar el defecto de no alegar la intención específica con que se cometió el acto.

La opinión concurrente también halla en el inciso (h) el agravante que se pretendió alegar en la denuncia que aquí nos ocupa. Para ello se ampara en que se alega en la denuncia que el acusado agredió a la supuesta víctima violentamente con una botella en un ojo. De ahí pretende que se entienda alegado que tenía la intención específica de causar grave daño corporal. En primer lugar en toda agresión está presente el elemento de violencia, salvo en el caso que considera agresión "cualquier contacto ilegal realizado sin el

consentimiento de la víctima" hecho por un hombre en la persona de una mujer. Véase *Pueblo v. Díaz*, 62 D.P.R. 499 (1943). Del uso de una botella, sin más alegación, no puede deducirse que se ha alegado la intención específica de causar *grave* daño corporal. Un puño puede ser tan contundente como una botella o cualquier objeto duro. Véase *Pueblo v. Rivera*, 23 D.P.R. 421 (1916), en que la agresión se cometió con una manopla, objeto hecho para fines de ofensa y defensa, y se resolvió que el delito cometido fue el de agresión simple. Finalmente, e independientemente de la naturaleza delicada del ojo humano, la mera alegación de que se lesionó un ojo tampoco puede interpretarse para significar que se ha hecho la alegación esencial de que hubo la intención específica de causar grave daño corporal. No es infrecuente que resulten "ojos hinchados" y ensangrentados como consecuencia de las comunes peleas a los puños que a diario son objeto de pleitos en los tribunales y por ello a nadie se le ocurre alegar dicha intención específica.

Es que no pueden confundirse las alegaciones con la prueba. Para que se impute el agravante del inciso (h) es necesario que se alegue la intención de causar grave daño corporal. Por ser la intención un elemento subjetivo, si ha quedado probado o no ese elemento dependerá de los hechos probados. En el caso ante nos no hay hechos probados. No estamos revisando una convicción después de prueba. Aquí se trata única y exclusivamente de alegaciones y para determinar qué delito cometió el acusado hay que ceñirse a los hechos alegados, que son los admitidos mediante la alegación de culpabilidad.

Al enfrentarnos a las alegaciones de una denuncia no podemos trasponer lo alegado como constitutivo del delito imputado para ir en busca de la intención específica. No es cuestión de lo que hizo o quiso hacer el acusado y sí de lo que se alega que hizo y que quiso hacer. Si se pretende que cometió una agresión agravada porque al agredir a su víctima

tuvo la intención de causarle grave daño, tal intención tiene que aparecer claramente alegada en la denuncia. Aquí no lo está. Aquí se pretende establecer que está a base de interpretaciones. Eso no es lo que establece la ley.

La Regla 35 de Procedimiento Criminal nos dice en su apartado (c) que una denuncia debe contener:

"(c) Una exposición de los hechos esenciales constitutivos del delito, *redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente,* con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial." (Énfasis suplido.)

Persigue esta regla implementar el mandato constitucional de que el acusado sea notificado de la naturaleza y causa de la acusación que se le hace. Art. II, Sec. 11, Constitución. No se espera del acusado que sea un técnico del Derecho que deba ir más allá de las palabras contenidas en el pliego acusatorio para determinar el delito que se le imputa. El delito imputado debe aparecer de la denuncia con claridad. *Pueblo* v. *Rivera*, 75 D.P.R. 903 (1954).

Al exigir la Regla 35(c) que la denuncia se redacte "en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común" está claro el mandato de que ese lenguaje no se preste a diversas interpretaciones. Aquí, ni siquiera jueces—tanto el de instancia como nosotros—nos hemos podido poner de acuerdo en cuanto a qué agravante, si alguno, se imputa en la denuncia, y por qué. No podemos exigir más de "cualquier persona de inteligencia común" no ducha en tecnicismos legales.

La laxitud al enfrentarnos a una denuncia—a diferencia de una acusación fiscal—se ha justificado a base de que son legos los que preparan las denuncias y por tanto no debemos exigir respecto a ellas igual grado de perfección que si se tratase de una acusación fiscal. *Pueblo* v. *Díaz,* 62 D.P.R. 499, 505 (1943). Los tiempos han cambiado. Aunque en la práctica las denuncias son redactadas por la Policía, sabemos que este organismo dispone hoy de más y mejores medios que hace tres décadas, cuando se decidió *Díaz;* sus miembros, además de poseer una mejor preparación académica, (1) son instruidos sobre los estatutos penales y procesales en la Academia de la Policía y su educación sobre esta materia es continua; dispone, además, la Policía de más avanzadas técnicas, de personal especializado para ocuparse de los asuntos relacionados con los tribunales, y, en fin, de medios que permiten que se pueda exigir más cuidado, exactitud y eficiencia en la redacción de denuncias. Cabe señalar, además, que a partir del 1974 el Tribunal de Distrito cuenta con fiscales para representar los intereses del ministerio público. (2) La denuncia en este caso se presentó en noviembre de 1975.

Al interpretar una denuncia no podemos hacer malabarismos con sus palabras para hacerlas imputar lo que en este caso era fácil hacer en lenguaje claro y sencillo. Bastaba decir, si la intención era imputar el agravante del inciso (h), que el acusado cometió los hechos con la intención de causar grave daño corporal al perjudicado; o pudo alegarse, si se pretendió imputar el inciso (f), que al agredir al perjudicado, el acusado le causó grave daño corporal. Era tan sen-

---

(1) La Ley de la Policía vigente en 1943—Ley de 12 de marzo de 1908 —estableció como requisito mínimo para ingreso, desde el punto de vista educativo, saber leer y escribir. Hoy se requiere que un guardia, que es la posición de menos gradación en la Policía, sea graduado de escuela superior. 25 R.&R.P.R. sec. 221d–56.

(2) Véase la Ley Núm. 146 de 23 de julio de 1974, que creó el cargo de Fiscal Auxiliar del Tribunal de Distrito, 3 L.P.R.A. secs. 90 a 94.

616

cillo como copiar las palabras del estatuto. No se hizo y no se imputó agravante alguno.

Modificaría la sentencia para decretar que el acusado es culpable de agresión simple y le impondría una pena acorde a dicho delito.